# Exhibit 1

# SETTLEMENT AGREEMENT

Subject to the approval of the United States District Court for the Western District of Washington, Plaintiff Timothy Dunne, individually and on behalf of all Class Members, as defined herein, and Defendant Quantum Management, Inc., a Washington for-profit corporation, ("Quantum" or "Defendant"), agree to the terms of this joint settlement agreement and release (the "Settlement").

## I.  DEFINITIONS

For the purposes of the Settlement, any word or phrase that is presented in initial capital letters (e.g., Class Member), is a word or phrase defined herein.

1.      "Action" shall mean the civil action currently pending in U.S. District Court for the Western District of Washington at Tacoma, entitled "*Timothy Dunne, individually and on behalf of all others similarly situated, Plaintiff, v. Quantum Residential, Inc., a Washington for-profit corporation, Defendant*." Case No. 3:23-cv-05535; Complaint filed on June 14, 2023 and as amended by the Amended Complaint filed on February 7, 2024.

2.      "Check Cashing Period" shall mean the 90-day period commencing the date on which the Settlement Proceeds are mailed to the Class Members.  After the 90-day Check Cashing Period, any uncashed proceeds shall be dispersed as set forth in Section III, paragraph 36, below.

3.      "Class Counsel" shall mean Michael A. Josephson, Andrew W. Dunlap, Carl A. Fitz of Josephson Dunlap, LLC, Michael C. Subit of Frank Freed Subit & Thomas LLP, and Rex Burch of Bruckner Burch, PLLC.

4.      "Class Member" shall mean all individuals who (1) resided in Washington State or Oregon State, (2) were employed by Defendant, (3) in the position of maintenance technician or maintenance manager, (4) and who were paid on an hourly rate, (5) at any time from June 14, 2020 to June 14, 2023 (collectively, "Class Members" or "Class"). As of December 2023, Defendant represents there are approximately 126 Class Members.

5.    "Response Deadline" shall mean the date by which Share Forms must be postmarked and/or received by the Settlement Administrator if any Class Member wishes to opt out of the Settlement, file an objection to the Settlement, or challenge their Settlement Share.  The Response Deadline shall be forty-five (45) calendar days from the mailing of the Class Notice and Share Form.

6.    "Settlement Share", "Settlement Proceeds", or "Individual Settlement Payment" shall mean the amount of money allocated to each Class Member pursuant to paragraph 39 of this Settlement.

7.    "Class Period" shall mean the period from June 14, 2020 through June 14, 2023.

8.    "Class Representative," "Plaintiff" and "Named Plaintiff" shall mean Timothy Dunne, the person identified as named Plaintiff in the Complaint and Amended Complaint.

9.    "Court" shall mean the U.S. District Court for the Western District of Washington at Tacoma.

10.    "Defendant," "Quantum," or the "Company" shall mean Defendant Quantum Management, Inc., a Washington for-profit company.

11.    "Final" shall mean the latest of the following dates, as applicable:  the date the Court has rendered a Final Judgment of the Settlement and either (i) the U.S. Supreme Court has rendered a final judgment affirming the Court's approval without material modification and the applicable date for seeking further appellate review has passed, or (ii) the applicable date for seeking appellate review of the Court's Final Judgment of the Settlement has passed without a timely appeal or a request for review having been made.

12.    "Final Judgment" shall mean the order granting final approval of the class action settlement entered by the Court.

13.    "Gross Settlement Amount" shall mean the all-inclusive settlement amount of $150,000 that Defendant will be obligated to pay in connection with the Settlement. From the Gross Settlement Amount will be deducted all costs incurred in connection with the Settlement,

including:  Plaintiff's Class Representative Payment (not to exceed $5,000); Class Counsels' attorneys' fees and expenses (including all attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement, and obtaining a dismissal of the Action) not to exceed 40% of the Gross Settlement Amount (i.e., $60,000 in fees); and the Settlement Administrator's actual fees and expenses (estimated to be no more than $10,000). The Company shall pay the employer's portion of the payroll taxes on the wage component of the individual settlement awards on top of the Gross Settlement Amount.  The amount remaining in the Gross Settlement Amount after all applicable deductions shall be referred to as the "Settlement Proceeds" or "Net Settlement Amount."  The Net Settlement Amount will be paid out to the Class Members without the need for Class Members to claim their pro rata share.

14. "Individual Settlement Payment" shall mean the Settlement Proceeds provided to an individual Class Member.

15. "Net Settlement Amount" shall have the meaning described in "Gross Settlement Amount," above.

16. "Notice" shall mean the Notice of Class Action Settlement, attached hereto as **Exhibit A**.  It is the Notice, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the terms of the Settlement.

17. "Participating Class Members" shall mean all Oregon Class Members who Opt In and Washington Class Members who do not submit a written and valid Opt Out.

18. "Parties" shall mean Class Members, Class Representative, and Defendant, and "Party" shall mean any one of the Parties.

19.  "Opt In" refers to the process by which an Oregon Class Member who is only eligible for participation by virtue of the Fair Labor Standards Act ("FLSA") properly submits a written notice to the Settlement Administrator to include himself or herself to the Settlement herein, failure to do so would result in the release of his/her claims raised in this Action.

20.     "Opt Out" refers to the process by which a Washington Class Member must timely and properly submit a written notice to the Settlement Administrator to exclude himself or herself from the Settlement herein, as well as to prevent the release of his/her claims raised in this Action.

21.     "Settlement" shall mean this settlement agreement between the Parties, which, with Court approval, is intended to provide the terms relevant to the resolution of the Action with regard to all Participating Class Members.

22.     "Settlement Administrator" shall mean the Settlement Administrator that the Parties mutually select to perform the duties set forth in this Settlement, subject to the Court's approval.

23.     "Settlement Effective Date" shall mean the date by which all of the following have occurred: (i) the Parties, or any one of them, has not voided this Settlement pursuant to Section XXVII, paragraphs 88 or 89; (ii) the Court has granted Final Approval and entered Final Judgment as to this Settlement; and (iii) the Court's Final Judgment has become Final.

24.     "Settlement Proceeds" shall have the meaning described in "Gross Settlement Amount," above.

25.     "Share Form," shall mean a form in substantially the form as **Exhibit A** attached hereto. It is the Share Form, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the Class Member's estimated Individual Settlement Payment.

## II.     <u>RECITALS</u>

26.     On June 14, 2023, Plaintiff commenced the Action on behalf of himself and all others allegedly similarly situated with respect to the claims asserted.

27.     Soon after, the Parties, through their attorneys, agreed to attend a private mediation on December 13, 2023 and engage in an early exchange of discovery and information. Plaintiff

sent a request for informal discovery to Defense counsel, and in November of 2023, Defendant's counsel provided Plaintiff's counsel with requested class data and a set of response documents including, *inter alia*, a class list spreadsheet showing the Class Members' dates of work; payroll history reports and earning statements of the putative class members between June, 2020 – June, 2023; Plaintiff's personnel file; and excerpts from Defendant's employee handbook.

28.     On December 13, 2023, the Parties engaged in a private mediation in Seattle, Washington with Michael Reiss serving as neutral. The Class Members were represented by Plaintiff's counsel, and the Defendant was represented by its counsel. At mediation, the Parties agreed to resolve this matter under the terms of this Agreement.

29.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than this Settlement, the Action is not appropriate for class treatment under Washington CR 23, Rule 23 of the Federal Rules of Civil Procedure, or otherwise.  The Parties agree, however, that it is appropriate to certify the class for purposes of this Settlement only.

30.     Class Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of the Class Members' claims against Defendant, including engaging in pre-negotiation investigation, reviewing substantial data and documents, and researching the applicable law and potential defenses.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable and adequate and is in the best interests of Class Members in light of all known facts and circumstances, including the risk of protracted litigation, the risk that the Court would not certify a class action, and Defendant's defenses and potential appellate issues.

31.     Defendant agrees that the Settlement is fair, reasonable and adequate under the circumstances, taking into account litigation risks and costs of defense.

32.     This Settlement represents a compromise of materially disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff or the Class Members on those claims.

33.     The entry of Final Judgment in this action shall dismiss with prejudice, and without costs or fees except as expressly provided for herein, all claims set forth in the Action, provided that it will also state that the Court retains jurisdiction to enforce the terms of the Settlement.

## III.    <u>TERMS OF SETTLEMENT</u>

34.     The Parties agree that, with the Court's approval, the Court shall certify a class solely for the purpose of implementing the terms of this Settlement.

35.     <u>Gross Settlement Amount</u>:  The Gross Settlement Amount under this Settlement is $150,000 as defined above.

36.     <u>Checks Cashed Process</u>:  Participating Class Members (i.e., those Oregon individuals who timely and validly Opt In and those Washington individuals who do not timely and validly Opt Out) will receive a check pursuant to this Settlement as set forth under Paragraph 39. If any Participating Class Members do not cash their checks within the 90-day Check Cashing Period, any amounts associated with those Class Members' uncashed checks shall be distributed pro rata to the Class Representative and remaining Class Members.

37.     <u>Class Counsel's Attorneys' Fees and Costs</u>:  Defendant will not oppose Class Counsel's request to the Court for approval of a total for attorneys' fees in an amount that does not exceed 40% of Gross Settlement Amount (i.e., $60,000 of the Gross Settlement Amount), to be paid out of the Gross Settlement Amount. The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their awarded fees and expenses.

38.     <u>Class Representative Payment</u>:  Defendant will not oppose Plaintiff's application to the Court for a Class Representative Payment not to exceed $5,000 to the Class

Representative, to be paid out of the Gross Settlement Amount, in addition to his Individual Settlement Payment. The Settlement Administrator will issue to the Class Representative a Form 1099 with respect to his Class Representative Payment.

39.    <u>Distribution to Class Members</u>: Distribution of the Settlement Proceeds shall be made by the Settlement Administrator as follows:

(a)    After deductions of Court approved Class Counsel's attorneys' fees and expenses, the Class Representative Payment, and the estimated payment for the services of the Settlement Administrator, the remainder of the Gross Settlement Amount (i.e., the Settlement Proceeds) shall be available to be distributed to the Participating Class Members.

(b)    Every Participating Class Member—meaning all Oregon Class Members who have timely and properly Opted-In and Washington Class Members who have not timely and properly Opted-Out of the Settlement—will be entitled to his or her allocated share of the Settlement Proceeds. The calculation is as follows and is based upon the information provided to the Settlement Administrator by Defendant: each Class Member's share shall be calculated by dividing the total days' in which he or she worked five (5) or more hours during the Class Period by the sum total of all days in which any Class Member worked five (5) or more hours (the "Percentage Figure"). The Percentage Figure will then be used to determine each Class Member's portion of the Settlement Proceeds by multiplying the Percentage Figure to the Settlement Proceeds. This portion is referred to as the "Settlement Share." The Settlement Administrator and/or Class Counsel shall provide Defendant's counsel with a table showing the above calculation and the resulting Settlement Share for each Class Member.

(c)    One-half (50%) of every Individual Settlement Payment will represent wages allegedly due and will be subject to required legal deductions and reported on a Form W-2. The other one-half (50%) of every Individual Settlement Payment will

represent alleged penalties and interest and will be reflected on a Form 1099. The W-2s and 1099s will be prepared by the Settlement Administrator.

40.   Settlement Payment Date:  Within ten (10) days after the Settlement Effective Date, but no earlier than July 31, 2024, Defendant shall fund the Settlement. Within fourteen (14) days after Defendant funds the Settlement, the Settlement Administrator shall mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment approved by the Court.

## IV.   **NOTICE TO THE CLASS MEMBERS**

41.   Within thirty (30) days after the Court's entry of its order granting preliminary approval, Defendant will provide the Settlement Administrator with the names, last known addresses, phone numbers, and Social Security numbers for the Class Members.

42.   The Settlement Administrator will use reasonable tracing to verify the accuracy of the addresses before the initial mailing to ensure that the Notice is sent to Class Members at the addresses most likely to result in prompt receipt.  It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice.  With respect to envelopes returned as undeliverable, the Settlement Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address.

43.   Class Counsel shall provide the Court, at least six (6) business days prior to the final fairness hearing, a declaration by the Settlement Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice.

V.     **CLASS NOTICE DISSEMINATION PROCESS**

44.     The Class Notice and Share Form distributed to Class Members, attached substantially hereto as Exhibit A, or as otherwise approved by the Court, shall be sent by the Settlement Administrator to each Class Member by first-class mail within fifteen (15) calendar days after the Settlement Administrator receives the information from Defendant as set forth above in paragraph 41.

45.     The Notice and Share Form will explain that the Oregon Class Members who wish to receive their portion of the Settlement must Opt In.  The Notice and Share Form will explain to Washington Class Members who wish to receive their portion of the Settlement that they do not need to return the Share Form unless they wish to challenge their portion of the Settlement Proceeds.  Each Participating Class Member will be bound for purposes of the Settlement in this Action by the releases set forth in this Settlement.

46.     Class Members shall have forty-five (45) calendar days from the mailing of the Class Notice and Share Form to either Opt In or Opt Out (depending on whether they are Oregon residents or Washington residents) of the Settlement (the "Response Deadline"). A Class Member who has either failed to Opt In or elected to Opt Out (as appropriate for their state of residence) shall have no standing to object to the Settlement and will not be entitled to be heard at the Final Approval Hearing.

47.     Opt In Provisions – The Class Notice shall inform Oregon Class Members how they may Opt In to the Settlement.  Any Class Member who properly elects to Opt In may receive a Settlement Share.  Any Class Member who fails to Opt In will not receive a Settlement Share.  All Oregon Class Members, whether they Opted In or not, shall be bound to this Settlement and release of all claims as set forth herein.

48.     Opt Out Provisions – The Class Notice shall inform Washington Class Members how they may Opt Out of the Settlement. Any Class Member who properly requests to Opt Out will not be entitled to receive a Settlement Share and will not be bound by the Settlement or have

any right to object, appeal, or comment thereon. Prior to the Response Deadline, any Class Member who has elected to Opt Out may withdraw that election by notifying the Settlement Administrator in writing that he or she wishes to be a Participating Class Member.

49.     The Share Form must be postmarked by the Response Deadline if delivered to the Settlement Administrator by postage pre-paid U.S. first-class mail. If delivered by means other than mail, it must be received by the Settlement Administrator on or before the Response Deadline. The written objections to the Settlement must be signed by the Class Member. Class Counsel and Defendant's Counsel may mutually agree, but need not, in their respective sole discretion, to accept late-filed objections that are received prior to the Effective Date. Any objection to the Settlement that is (1) not postmarked by the Response Deadline, (2) not received by the Settlement Administrator by the fifth (5th) calendar day after the Response Deadline; (3) not received by other means by the Settlement Administrator by the Response Deadline; or (4) not signed by the Class Member is not considered a valid objection. The Settlement Administrator shall forward any objections received to counsel for all Parties within five (5) days of receipt, and Class Counsel shall file the objections and any responses thereto with the Court prior to the final fairness hearing.

50.     <u>Share Form Disputes</u> – If a Class Member disagrees with any of the information listed on his or her Share Form, the Class Member may dispute such information by returning a signed Share Form with a statement containing the total days the Class Member believes he or she worked five (5) or more hours during the Class Period. The Class Member must attach documents to the Share Form to support his or her dispute. The Share Form with the disputed information and any documents must be received by the Response Deadline. The Share Form must include a telephone number to be used to contact the Class Member if necessary. The Settlement Administrator shall resolve the disagreement with the Participating Class Member using the employee records provided by Defendant and the Participating Class Member, in consultation with Defendant's Counsel.

51.     Oregon Class Members who fail to submit a valid and timely Opt In election shall be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is finally approved by the Court.

52.     Washington Class Members who fail to submit a valid and timely request to opt-out shall be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is finally approved by the Court.

53.     The Settlement Administrator shall provide updates to Class Counsel and Defendant's counsel every week with (1) the number of undeliverable notices/forms; (2) the number of any opt-outs; and (3) any disputes by Class Members. The Settlement Administrator shall provide the opt-outs submitted to Defendant's Counsel. The Settlement Administrator shall maintain documents sufficient to demonstrate whether a Class Member has or has not opted in or opted-out (depending on their state of residence), including any postmarked envelopes demonstrating that the opt-out was or was not timely.

54.     Within fifteen (15) days after the close of business of the Response Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's counsel a declaration including a statement of due diligence and proof of mailing of the Class Notice and Share Form to the Class Members and a statement as to the number of opt-outs received. Class Counsel shall provide this information to the Court within its Motion for Final Approval of this Settlement.

55.     For purposes of computing the Settlement Shares initially for purposes of sending the Share Form, the Settlement Administrator shall use the estimated Employer Taxes for all Class Members in computing the Net Settlement Amount. For purposes of computing the Settlement Shares after the Final Approval Hearing, the Settlement Administrator shall use the actual Employer Taxes for all Participating Class Members in computing the Net Settlement Amount, or Settlement Proceeds. In calculating the Settlement Shares, the Settlement Administrator shall assume 100% participation of the Class. The Share Form shall advise Class Members that their Settlement Share or Individual Settlement Payment is an estimate based on 100% participation, and that the actual amount payable to each Class Member may be higher or

lower depending on various factors, such as the Court's rulings on other matters. The Class Notice shall advise Class Members of the split percentage between W-2 and 1099 and that Class Members should seek independent tax advice about the tax consequences of their Individual Settlement Payments.

56.     The Settlement Administrator shall be responsible for issuing and mailing the checks for the court-approved Settlement Share payments to the Participating Class Members.

57.     The Settlement Administrator shall be responsible for distributing the payments pursuant to this Settlement, and for paying the applicable taxes to the appropriate taxing authorities. The Settlement Administrator will submit to Class Counsel, who will file with the Court, proof of all payments made from the Gross Settlement Amount and will serve all counsel with a copy of the same, within sixty (60) days of the Settlement Effective Date.

## VI.    RELEASE OF CLAIMS

58.     Released Claims by Class Representative: In consideration of his awarded Class Representative Payment and the other terms and conditions of the Settlement, and understanding that there is a *bona fide* dispute regarding wages he may be owed, among other things, Plaintiff irrevocably releases and discharges Defendant and all of its affiliated agents, owners, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties"), from all known and unknown claims, promises, causes of action, or similar rights of any wage and hour related claim he presently may have with respect to any of the Released Parties through the date of preliminary approval by the court ("Released Claims"). The Released

Claims might arise under many different foreign, domestic, national, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as federal and state anti-discrimination statutes, and other laws such as those providing recourse for alleged wrongful discharge, tort, personal injury, emotional distress, fraud, negligence, defamation, and similar or related claims, as well as those related to compensation, pay deductions, tax treatment of earnings, wage disputes of any nature (including those pursuant to the Fair Labor Standards Act), penalties, liquidated damages, punitive damages, attorneys' fees, benefits, and family and medical leave rights. Plaintiff's release includes all wage and hour related claims that were made, or could have been made, against the Released Parties in the Action. This Release does not release any claims that the law does not permit Plaintiff to release, including Plaintiff's currently pending worker's compensation claim. Plaintiff agrees to promptly pay and to indemnify and hold the Released Parties herein harmless from and against any and all loss, cost, damage or expense, including without limitation, attorneys' fees, interest, assessments, and penalties, arising out of any dispute over the tax treatment of any of the proceeds received by Plaintiff as a result of this Release.

59.    Released Claims by Class Members: In consideration of their Individual Settlement Payments and the other terms and conditions of the Settlement, and recognizing that there is a *bona fide* dispute regarding wages owed, among other things, each Participating Class Member (including the named Class Representative) will irrevocably release and discharge Defendant and all of its affiliated agents, owners, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties") from all

claims during the period from June 14, 2020 through June 14, 2023 (the "Class Period") in the Amended Complaint (Dkt. 30-1) asserted against Defendant, including claims for failure to provide *bona fide* meal breaks under the Industrial Welfare Act (RCW 49.12, *et. seq.*), WAC Section 296-126-092; Fair Labor Standards Act ("FLSA") (29 U.S.C. § 203, *et. seq.*); and claims for exemplary damages, penalties, and interest (RCWs 49.52.050 and 070), as well as attorneys' fees and costs, premised on alleged unpaid bona fide meal breaks periods, and any claims under any state federal or local law arising from the same factual predicates as alleged in the Amended Complaint, to the fullest extent permitted by law. This Release does not release any claims that the law does not permit each Participating Class Member to release.  Each Participating Class Member is responsible for appropriately reporting the proceeds received as a result of this Release on his/her taxes and agrees to hold the Released Parties harmless with respect to any dispute arising from or related to such reporting.

60.    Additional Attorneys' Fees Released by Class Counsel:  In consideration for their Court-approved attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees or costs in connection with the Action.

## VII.    CONFIDENTIALITY

61.    Plaintiff and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the Action, or the fact, amount or terms of the Settlement.

62.    Plaintiff and Class Counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement that identifies Defendant, including but not limited to any postings on any websites maintained by Class Counsel.  Class Counsel shall be permitted to make reference to the Settlement, without identifying Defendant by name. In connection with submitting declarations concerning adequacy in other cases, Class Counsel may identify the case number, provide a description of the case and resolution, and confirm the fact that they were approved as Class Counsel.

63.     Any communication about the Settlement to Class Members by Class Counsel or Plaintiff prior to the Court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved Notice.

64.     Defendant shall have the right to rescind this Settlement, rendering it null and void, if Plaintiff or Class Counsel violate the obligations in this Section VII.

## VIII.   NO EFFECT ON OTHER BENEFITS

65.     The Parties agree that the calculations made regarding the Settlement amounts and the pro-ration of the same among the Class Members, are for purposes of this Settlement only, and do not give rise to any other rights under any benefit plans or otherwise.

66.     Payments under this Settlement shall not be considered compensation under any of Defendant's employee benefit plans.

## IX.   DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

67.     Cooperation:  The Parties and their counsel agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice. The Parties further agree that neither they nor their counsel will solicit or otherwise encourage Oregon Class Members to Opt In or Washington Class Members to object to or Opt Out of the Settlement.

68.     Fair, Reasonable and Adequate Settlement:  The Parties agree that the Settlement is fair, reasonable and adequate and will so represent to the Court.

69.     Unopposed Motion for Preliminary Approval of Settlement:  Class Counsel will move the Court for an Order Granting Preliminary Approval of the Settlement and Notice substantially in the following form which Defendant shall not oppose:

(a)     Setting a date for a fairness hearing on the question whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

(b)     Approving as to form, content and distribution of the proposed Notice;

(c)      Directing the mailing of the Notice to the Class Members;

(d)      Preliminarily approving the Settlement;

(e)      Preliminarily certifying a class consisting of Plaintiff and Class Members for purposes of Settlement only;

(f)      Approving Michael A. Josephson, Andrew W. Dunlap, Carl A. Fitz , Michael C. Subit, and Rex Burch, and their respective law firms, as Class Counsel; and

(g)      Approving ILYM Group, Inc. or another administrator agreed to by the Parties as the Parties' mutually agreed upon Settlement Administrator.

## X.    DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

70.    Following final approval of the Settlement by the Court, Class Counsel will submit a proposed Final Judgment substantially in the following form:

(a)      Certifying a Settlement Class consisting of Plaintiff and Participating Class Members for purposes of Settlement only;

(b)      Approving the Settlement, adjudging the terms to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(c)      Approving the Class Representative Payment to the Named Plaintiff;

(d)      Approving the payment of attorneys' fees and expenses to Class Counsel;

(e)      Dismissing the Action on the merits and with prejudice and permanently barring all Class Members and Plaintiff from prosecuting any and all Released Claims, including those set forth in paragraphs 56 and 57 above.

## XI.    PARTIES' AUTHORITY

71.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XII.   **MUTUAL FULL COOPERATION**

72.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel shall, with the cooperation of Defendant and its counsel, take all steps necessary to secure the Court's Final Judgment.

## XIII.   **NO PRIOR ASSIGNMENTS**

73.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIV.   **NO ADMISSION**

74.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant denies any such liability. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

75.     This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XV.   **ENFORCEMENT ACTIONS**

76.     In the event that one or more of the Parties institutes any legal action against any other party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or Parties shall be entitled to recover from

the unsuccessful party or Parties reasonable attorneys' fees and costs, including expert witness

fees and costs incurred in connection with any enforcement actions.

## XVI.   <u>NOTICES</u>

77.   Unless otherwise specifically provided, all notices, demands or other

communications shall be in writing and shall be deemed to have been duly given as of the fifth

(5th) business day after mailing by United States registered or certified mail, return receipt

requested, addressed as follows:

<u>To the Class:</u>

Michael A. Josephson, Esq.
Andrew W. Dunlap, Esq.
Carl A. Fitz, Esq.
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste 3050
Houston, TX  77046

Michael C. Subit, Esq.
msubit@frankfreed.com
FRANK FREED SUBIT & THOMAS, LLP
705 2nd Avenue, Suite 1200
Seattle, WA  98104-1729

Richard J. (Rex) Burch, Esq.
rburch@brucknerburch.com
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Ste 3025
Houston, TX  77046

<u>To Defendant:</u>

Stephanie P. Berntsen, Esq.
Lilian K. Hubbard, Esq.
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400
Seattle, Washington 98101

## XVII.  VOIDING THE AGREEMENT

78.     If this Settlement is not approved, or if the Court's Final Judgment is materially modified on appeal, then this Settlement will become null and void, no payment under this Settlement will be made, and the Settlement shall not be used nor be admissible in any subsequent proceeding either in this Court or in any other Court or forum, nor shall there be any certification of the Class, as it is being requested here solely for the purposes of this Settlement. If there is any reduction in the attorneys' fee award and/or costs requested, such reduction may be appealed as set forth below but is not a basis for rendering the Settlement voidable and unenforceable.

## XVIII. CONSTRUCTION

79.     The Parties agree that the terms and conditions of this Settlement are the result of intensive arm's-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement.

## XIX.  CAPTIONS AND INTERPRETATIONS

80.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XX.   MODIFICATION

81.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.

## XXI.  INTEGRATION CLAUSE

82.     This Settlement contains the entire agreement between the Parties, and, once it is fully executed, all prior or contemporaneous agreements, understandings, representations, and

statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

## XXII.  **BINDING ON ASSIGNS**

83.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXIII.  **CLASS COUNSEL SIGNATORIES**

84.     It is agreed that it is impossible or impractical to have each Class Member execute this Settlement. The Notice will advise all Class Members of the binding nature of the release. Excepting only the Washington Class Members who submit a timely and valid Opt Out, the Notice shall have the same force and effect as if this Settlement were executed by Plaintiff and each Class Member with regard to the Release of Claims recited in Section VI, paragraphs 56 (Plaintiff) and 126 (Class Members).

## XXIV.  **COUNTERPARTS**

85.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, either by original signature, facsimile signature, or electronic Docu-Sign signature, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXV.  **RIGHT OF APPEAL**

86.     The Parties agree to waive all appeals from the Court's Final Judgment of this Settlement, unless the Court materially modifies the Settlement; provided, however, that Plaintiff may appeal any reduction in the requested amount of attorneys' fees and/or costs, or Class Representative Payment.

## XXVI.  **CLASS CERTIFICATION**

87.     The Parties agree that the stipulation of class certification is for the purposes of this Settlement only and if for any reason the Settlement is not approved, the Settlement will be of no force or effect, the class will not be certified and no payment will be made.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXVII.  **RIGHT OF REVOCATION**

88.     In the event that more than 20% of the Washington Class Members opt out of the Settlement, Defendant has the right to void the Settlement.

89.     In the event that the Class contains 20% more Class Members, as of June 14, 2023, than the 126 of which Class Counsel were informed in December 13, 2023, then Plaintiff will have the right to void this Agreement unless Defendant agrees to proportionately increase the gross Settlement Agreement to account for those individuals.

## XXVIII.     **NO RETALIATION**

90.     Defendant agrees that it will not engage in discrimination or retaliation of any kind against the Class Representative as a result of filing this action, or for giving testimony, assistance, or participating in any manner in an investigation, proceeding, or hearing pursuant to this action, or any Class Member for choosing to participate or not participate in this Settlement.

## **COUNSEL AND THE PARTIES**

DATED:  February __, 2024                SCHWABE, WILLIAMSON & WYATT, P.C.


By: _____
    STEPHANIE P. BERNTSEN, ESQ.
    LILLIAN K. HUBBARD, ESQ.
    Attorneys for Defendant


DATED:  February 7__, 2024                JOSEPHSON DUNLAP, LLP


By: */s/ Carl A. Fitz*_____
    MICHAEL A. JOSEPHSON, ESQ.
    ANDREW W. DUNLAP, ESQ.
    CARL A FITZ, ESQ
    Attorneys for Plaintiff


DATED: February _7_, 2024                By: _____
    Timothy Dunne (Feb 7, 2024 13:27 PST)
    TIMOTHY DUNNE
    PLAINTIFF


DATED: February __, 2024                By: _____
    QUANTUM MANAGEMENT INC.
    DEFENDANT
    By: _____
    Its: _____


PDX\134172\280393\SPB\41181799.1

## COUNSEL AND THE PARTIES

DATED:  February 7 , 2024

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____

STEPHANIE P. BERNTSEN, ESQ.
LILLIAN K. HUBBARD, ESQ.
Attorneys for Defendant

DATED:  February __, 2024

JOSEPHSON DUNLAP, LLP

By: _____

MICHAEL A. JOSEPHSON, ESQ.
ANDREW W. DUNLAP, ESQ.
CARL A FITZ, ESQ
Attorneys for Plaintiff

DATED: February __, 2024

By: _____

TIMOTHY DUNNE
PLAINTIFF

DATED: February __, 2024

By: _____

QUANTUM MANAGEMENT INC.
DEFENDANT
By: KALTB Locke
Its: PRESIDENT

PDX\134172\280393\SPB\41181799.1

### Exhibit A-1 (Washington Preliminary Notice)

### IMPORTANT NOTICE REGARDING UNPAID OVERTIME SETTLEMENT WITH QUANTUM RESIDENTIAL, INC.

**To:**     «First_Name» «Last_Name»

**Re:**     **Your Right to Overtime Pay from Settlement with Quantum Residential**

**THE AMOUNT OF THE ESTIMATED SETTLEMENT PAYMENT IF THE COURT GRANTS FINAL APPROVAL: $_____**

### WHY AM I GETTING THIS NOTICE?

You are getting this notice because you worked as a maintenance worker in Washington at any time between June 14, 2020 and June 14, 2023.

A lawsuit against Quantum Residential for Maintenance Workers who meet the class definition has settled. The lawsuit alleged that Plaintiffs and certain Maintenance Workers were not paid proper overtime. Plaintiffs argued that they were not compensated for work performed during their meal breaks.

Quantum Residential denies these allegations and contends that you were at all times paid lawfully and properly for your work.

**THIS NOTICE IS TO INFORM YOU THAT <u>YOU ARE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT IN THIS CASE, AS DESCRIBED BELOW</u>. YOU ARE NOT REQUIRED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT.**   ·

### YOUR PRO RATA SHARE OF THE SETTLEMENT.

Your settlement payment is based on your work history, including the number of weeks worked in the relevant period. Your pro rata share was determined after deducting the (a) costs of administering this settlement; (b) service awards for the Named Plaintiff; and (c) attorneys' fees and costs.

When you receive your settlement payment you will have 90 days from the date the Settlement Administrator mails your check to endorse and negotiate  the check you will receive. If you don't negotiate the check, you will not be entitled to any compensation from Quantum Residential or the Released Parties.

**YOUR OPTIONS:**

| You May: | Description: |
|---|---|
| Receive Settlement Money – No Action Required. | If you participate in this settlement, you will receive an estimated settlement allocation of «<u>ESTIMATE</u>». <u>You do not need to do anything to accept the settlement other than sign and cash the Settlement Check that will be sent after the Court grants final approval of this Settlement.</u> |

| You May: | Description: |
|---|---|
|  | If you negotiate the Settlement Check you will be releasing all wage and hour claims or causes of action arising from June 14, 2020 through June 14, 2023 and which arise out of or are related to the allegations in the First Amended Complaint filed in the Action, including but not limited to claims arising under the Fair Labor Standards Act, state wage payment laws, including any applicable state wage payment laws, including Washington wage payment laws, or any parallel local law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such owed overtime pay. |
| Exclude Yourself From The State Settlement Class. | If you do not want to participate in the settlement of the state law claims in the Action, you must elect to exclude yourself.  If you elect to exclude yourself, you will not receive any money, and you will not be waiving any rights or claims that you may have against the Released Parties.<br><br>To exclude yourself, your request must be in writing and mailed to the Settlement Administrator by XXX. Your statement ("Request for Exclusion") must also contain your name, address, telephone number, date and signature. It must be returned by mail to the Settlement Administrator, at this address:<br><br>      ILYM Group, Inc.<br><br><br>The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether your Request for Exclusion has been timely submitted. If you submit a valid Request for Exclusion you will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment on the Settlement. |
| Object To The Settlement for State Settlement Class | If you think the Settlement is unfair for a valid reason, you may object to the Settlement. Objections must be in writing and mailed separately to the Settlement Administrator and counsel for the Parties at:<br><br>ILYM Group, Inc.    Michael Josephson    Stephanie Berntsen<br><br>                 Josephson Dunlap LLP    Schwabe<br><br>                 11 Greenway Plaza    1420 Fifth Ave., Ste. 3400<br><br>                 Suite 3050    Seattle, WA 98101<br><br>                 Houston, Texas 77046<br><br>Your objection should clearly explain why you object to the proposed Settlement and must state that either you or someone on your behalf intends to appear at the Final |

| You May: | Description: |
|---|---|
| | Approval and Fairness Hearing.   Filing an objection does not preserve your right to receive a portion of the Settlement or to opt-out of participating in the Settlement. The deadline to file an objection is XXX.<br><br>The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. |
| Attend The Final Approval Hearing – Not Required. | It is not required, but you may attend the hearing regarding the final disposition of this settlement.  The hearing will be held on XXX at XXX at The United States District Court House, Court Room XXX, XXXX.  If no objections are filed with the Court, the Judge may waive the hearing. Written notice to counsel for the Parties of intention to attend the hearing is required.  Notice must be mailed to:<br><br>Michael Josephson          Stephanie Berntsen<br><br>Josephson Dunlap LLP       Schwabe<br><br>11 Greenway Plaza          1420 Fifth Ave., Ste. 3400<br><br>Suite 3050                 Seattle, WA 98101<br><br>Houston, Texas 77046 |

## WHAT DOES THE COURT THINK?

While the Court approved this settlement, the Court did not determine Quantum Residential (or anyone else) did anything wrong. The Court did not determine you are owed any money. Instead, this is a settlement payment which the Court approved as fair and reasonable in light of the claims and defenses asserted.

## WHAT DOES QUANTUM RESIDENTIAL THINK?

Quantum Residential believes this settlement is a business solution to this dispute. Quantum Residential has, at all times, disputed that it or its subsidiaries violated any law. It believes its pay practices are fully compliant with all laws and that the class members are were provided meal breaks and paid properly for all hours worked.

## WHAT IF I HAVE OTHER QUESTIONS?

This notice is only a summary. If you have additional questions, please call Plaintiffs' Counsel at **713-352-1100.** The 90-day deadline to cash your check will not be extended under any circumstances.

If you have questions, please call or email Carl Fitz or Michael Josephson at Josephson Dunlap LLP, 11 Greenway Plaza, Suite 3050, Houston Texas 77046 (713) 352-1100 or info@mybackwages.com

**Please do not contact the Court regarding this settlement. The Court must remain neutral in this matter and cannot offer you advice.**

### FINAL APPROVAL

The Court will hold a Final Approval and Fairness Hearing on the fairness and adequacy of the Settlement on **XXX** in the United States District Court, **********

The Final Approval and Fairness Hearing may be continued without further notice to Class Members.

<u>**Exhibit A-2 (Washington Final Notice)**</u>

**To:**   «First_Name» «Last_Name»

**Re:**   Settlement with <u>**QUANTUM RESIDENTIAL**</u> of Your Lost Meal Break and/or Unpaid Overtime Claim

The Parties have agreed to settle your claims in this Action. The Parties reached this settlement after months of negotiations, during which each side recognized the risk of an uncertain outcome. The Parties presented the proposed settlement to the Court for approval. The settlement has been filed with the Court. On XXX, the Court preliminarily approved the state law portion of the settlement as fair and reasonable.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Quantum Residential or any Released Party that the claims in the Action have merit or that it has any liability to plaintiffs or the proposed class or collective on those claims. Quantum Residential and the Released Parties have denied and continue to deny any such liability and maintain that they complied with all applicable laws.

The Parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the members of the class.

Enclosed is a check for $_____ representing your share of the settlement. Your settlement payment is based on your work history, including the number of weeks worked in the relevant period. Your pro rata share was determined after deducting the (a) costs of administering this settlement; (b) service awards for the Named Plaintiffs; and (c) attorneys' fees and costs.

You have 90 days to endorse and deposit this check. If you do not cash the check, you will not be entitled to any compensation from Quantum Residential or the Released Parties.

In exchange for cashing your check, you will have agreed to releasing Releasees from all wage and hour claims or causes of action——arising from June 14, 2020 through June 14, 2023 which have been asserted in the First Amended Complaint filed in the Action, including but not limited to claims arising under the Fair Labor Standards Act, any applicable state wage payment laws, including Washington wage payment laws, or any applicable parallel local law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such owed overtime pay.

Releasees is defined as Quantum Residential and its former and present parents, subsidiaries, and affiliated corporations and their respective officers, directors, shareholders, members, managers, representatives, employees, family members and agents, and any other successors, assigns, or legal representatives.

You will not have to pay Class Counsel any money directly. Quantum Residential is paying attorneys' fees and costs as part of the settlement.

Please remember that you are responsible for ensuring compliance with tax requirements relating your share of the settlement and your settlement check.  For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: (1) the settlement payment: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery.  The Settlement Administrator will be responsible for issuing all tax forms and reporting payment to the appropriate federal, state or local agencies.

If you have questions, please contact Carl Fitz or Michael Josephson at 713-352-1100 or email info@mybackwages.com.

2

Exhibit A-3 (Oregon Notice)

# IMPORTANT NOTICE REGARDING LOST MEAL BREAK AND/OR UNPAID OVERTIME SETTLEMENT WITH QUANTUM RESIDENTIAL

**To:**   «First_Name» «Last_Name»

**Re:**   **Your Right to Lost Meal Break and/or Overtime Pay from Settlement with Quantum Residential**

**THE AMOUNT OF THE SETTLEMENT AWARD:  $_____**

## WHY AM I GETTING THIS NOTICE?

You are getting this notice because you worked for Quantum as a maintenance worker in Oregon at any time between June 14, 2020 and June 14, 2023.

A lawsuit against Quantum Residential for Maintenance Workers who meet the class definition has settled. The lawsuit alleged that Plaintiffs and certain Maintenance Workers were not paid proper overtime. Plaintiffs argued that they were not compensated for work performed during their meal breaks.

Quantum Residential denies these allegations and contends that you were at all times paid lawfully and properly for your work.

THIS NOTICE IS TO INFORM YOU THAT **YOU ARE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT IN THIS CASE, AS DESCRIBED BELOW, IN THE SUM OF [SETTLEMENT SHARE]. YOU ARE NOT REQUIRED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT OTHER THAN (1) SIGNING AND RETURNING THE ATTACHED "SETTLEMENT CONSENT FORM AND RELEASE" AND (2) ENDORSING AND DEPOSITING THE SETTLEMENT CHECK YOU WILL RECEIVE AFTER RETURNING THE SIGNED "SETTLEMENT CONSENT FORM AND RELEASE" AND AGREEING TO THE TERMS SET FORTH ON THE BACK OF THE CHECK, AS DESCRIBED BELOW.**

## YOUR SHARE OF THE SETTLEMENT.

Your settlement payment was based on your work history with Quantum Residential, including the number of weeks and hours you worked in the relevant period.

Your settlement payment is: $«AMOUNT». You have 90 days from _____ to endorse and deposit the check you will receive if you consent. If you don't cash the check, you will not be entitled to any compensation from Quantum Residential.

## WHAT HAPPENS IF I CASH MY CHECK?

3

In exchange for endorsing and agreeing to the language on the back of your check, cashing your check and obtaining your Settlement Award, you have agreed to join the lost meal period and/or unpaid overtime lawsuit against Quantum Residential and to the following release of claims:

> **In consideration for the payment of my settlement share, I am releasing all state, local, and federal claims, obligations, demands, actions, rights, causes of action, charges, complaints, promises, disputes, liabilities, and damages arising under the FLSA or any other federal, state, or local law against any of the Released Parties (defined below) that are relating to, based on, or arising out of any alleged unpaid overtime wages, underpayment of wages, nonpayment of wages, bonuses, incentive compensation of any type, fringe benefits, or any and all other types of compensation, liquidated or other damages, unpaid costs, penalties, interest, attorneys' fees, litigation costs, expert costs, restitution, or other compensation and relief, including but not limited to any such Claims that could have been brought in the Lawsuit from June 14, 2020 through June 14, 2023.**

You will be acknowledging that you are represented by Josephson Dunlap, LLP (collectively "Plaintiffs' Counsel") and that you will be bound by the terms of the Settlement Agreement signed by the Named Plaintiff, Timothy Dunne, in this case.

You will not have to pay Class Counsel any money directly. Quantum Residential is paying attorneys' fees and costs as part of the settlement.

## WHAT DOES THE COURT THINK?

While the Court approved this settlement, the Court did not determine Quantum Residential (or anyone else) did anything wrong. The Court did not determine you are owed any money. Instead, this is a settlement payment which the Court approved as fair and reasonable in light of the claims and defenses asserted.

## CONFIDENTIALITY

If you cash your check, you agree to keep the amount you are paid within the settlement confidential and not disclose these to third parties, except you may disclose it to your spouse, or your tax advisor, or your legal counsel.

## WHAT DOES QUANTUM THINK?

Quantum Residential believes this settlement is a business solution to this dispute. Quantum Residential has, at all times, disputed that it or its subsidiaries violated any law. It believes its pay practices are fully compliant with all laws and that the class members are not employees of Quantum Residential.

## WHAT IF I HAVE OTHER QUESTIONS?

This notice is only a summary. If you have additional questions, please call Plaintiffs' Counsel at **713-352-1100.** The 180-day deadline to cash your check will not be extended under any circumstances.

If you have questions, please call or email Michael Josephson at Josephson Dunlap LLP, 11 Greenway Plaza, Suite 3050, Houston Texas 77046 (713) 352-1100 or info@mybackwages.com

**Please do not contact the Court regarding this settlement. The Court must remain neutral in this matter and cannot offer you advice.**

5

## SETTLEMENT CONSENT FORM AND RELEASE

Printed Name: _____

1. I hereby consent join the collective action lawsuit filed against Quantum Residential to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and I consent to be bound by the Court's decision.

3. I designate the law firms and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I consent to having Plaintiff and Plaintiff's Counsel make all decisions regarding the litigation, including all decisions regarding settlement or trial, the terms of settlement and release of claims, and agreements regarding attorney fees and costs.

5. If needed, I authorize the Plaintiff's lawyers to use this consent to re-file my claim in a separate lawsuit or arbitration against the Defendant.

Signature: _____     Date Signed: _____

**Please print or type the following information, which will be kept confidential:**

_____          _____
Address                                                              City/State/Zip

_____          _____
Home Telephone Number                                  Cell Phone Number

_____          _____
E-mail Address                                                    Estimated Dates of Employment

_____          _____
Positions Held with Addison                              Locations Worked for Addison

### RETURN THIS FORM BY MAIL, EMAIL, OR FAX TO:

**Overtime lawsuit against Quantum**
**ILYM Group, Inc.**
**2832 Walnut Ave., Ste. C**
**Tustin, CA 92780**
**Fax: _____**
**E-mail: _____**

6