The Honorable David G. Estudillo

1

2

3

4

5 **IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
6 **AT TACOMA**

7 TIMOTHY DUNNE, Individually and for | **Case No. 3:23-cv-05535-DGE**
Others Similarly Situated,
8 | **AMENDED UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF**
9  Plaintiff, | **SETTLEMENT AND CLASS**
**CERTIFICATION**
10 v. |
| Jury Trial Demanded
11 QUANTUM RESIDENTIAL, INC., a |
Washington for-profit corporation, | FLSA Collective Action
12 | Rule 23 Class Action
  Defendant. |
13 | NOTE ON MOTION CALENDAR:
| February 7, 2024
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page i

1

2

3

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... **4**

I.      **INTRODUCTION.** ....................................................................................................... **1**

II.     **DEFINITIONS** ............................................................................................................ **3**

         a.   "Action" means the civil action filed in the Western District of Washington, *Timothy Dunne v. Quantum Residential, Inc.*, Case Number 3:23-cv-05535. ........................... 3

         b.   "Washington Class Members" means all hourly, non-exempt Quantum maintenance workers who worked in Washington at any time between June 14, 2020 and June 14, 2023. ................................................................................................................. 3

         c.   "FLSA Collective Members" shall mean the hourly, non-exempt Quantum maintenance workers who at any time between June 14, 2020 and June 14, 2023. 3

         d.   "Settlement Class Members" means the Washington Class Members and FLSA Collective Members, less any Excluded Settlement Class Members. ................... 3

         e.   "Excluded Settlement Class Members" means the Class Members who submit a Request for Exclusion and the Opt-In Plaintiffs who do not negotiate their check within one hundred and fifty days of the Check Cashing Deadline. ................... 3

         f.   "Check Cashing Deadline" means 90 days from the date when the Settlement Administrator mails the Settlement Payments. ....................................................... 3

         g.   "Settlement Administrator" shall mean ILYM, a qualified third-party settlement administrator mutually agreeable to the Parties. .................................................. 3

         h.   "Settlement Amount" shall mean One Hundred Fifty Thousand Dollars ($150,000.00). ................................................................................................................. 3

         i.   "Settlement Payments" means the amounts to be paid to Settlement Class Members from the Net Settlement Fund as described in Section 4 of the Joint Stipulation of Settlement. ........................................................................................................... 3

         j.   "Net Settlement Fund" refers to the Settlement Fund less the amounts awarded by the Court for Plaintiffs' Attorneys' Fees and Litigation Expenses, the Named Plaintiffs' Service Awards, the Settlement Administration Costs, and any taxes associated with the aforementioned payments except the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments made to the Settlement Class Members. .................................................................................... 3

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page ii

k.  "Effective Date" means the date by which this Settlement is approved as provided in the Agreement and the Court enters the Final Approval Order. ........................ 3

**III.   FACTUAL AND PROCEDURAL BACKGROUND.** ...................................... **4**

   **A.  Nature of the Claims.** .......................................................... 4

   **B.  Procedural History of the Litigation.** ................................ 4

**IV.   SUMMARY OF THE SETTLEMENT TERMS.** ....................................... **5**

   **A.  The Proposed Settlement Class and Class Period.** ........... 5

   **B.  The Common Fund.** ......................................................... 5

   **C.  Direct Payments to Rule 23 Class Members.** ................... 6

**V.   ARGUMENT.** ................................................................................... **8**

   **B.  The Proposed Settlement is Fair, Reasonable, and Adequate.** ...................... 9

      **a.  The costs, risks, and delay of trial and appeal.** ..................................... 12

      **b.  The effectiveness of the proposed method distributing relief to Settlement Class Members.** .................................... 13

      **c.  The relief provided to the Settlement Class Members is adequate considering the terms of the proposed award of attorneys' fees.** ......... 13

   **d.  The relief provided to the Settlement Class Members is adequate considering there are no agreements required to be identified under Rule 23(e).** ........ 15

   **4.  The Settlement Treats Settlement Class Members Equitably to One Another.** 15

   **4.  Adequacy of Representation is Satisfied.** ........................................ 18

   **C.  Plaintiff's Counsel Should Be Appointed as Class Counsel.** ........................... 18

   **D.  The Court Should Approve Parties' Proposed Settlement Notice Program.** ... 19

   **E.  The Standard of Review for Approval Under the FLSA.** ................................. 20

   **F.  The Requested Service Award Should Be Approved.** ...................................... 21

   **G.  Scheduling the Final Approval Hearing is Appropriate.** ................................. 22

**VI.   CONCLUSION** ............................................................................... **22**

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page iii

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

2

3

4

5                    TABLE OF AUTHORITIES

6
                                                              Page(s)
7   Cases

8
    *Brooklyn Savings Bank v. O'Neil,*
9   324 U.S. 697 (1945) .............................................................................26
    *Carlson v. Home Depot USA Inc.,*
10  2021 WL 4636858 (W.D. Wash. Oct. 7, 2021) .............................................23
    *Chavez v. Our Lady of Lourdes Hosp.,*
11  415 P.3d 224 (Wash. 2018) .....................................................................23
    *Cicero v. DirecTV, Inc.,*
12  2010 WL 2991486 (C.D. Cal. July 27, 2010) .............................................20
    *Dunakin v. Quigley,*
13  99 F. Supp. 3d 1297 (W.D. Wash. Apr. 10, 2015) .....................................22
    *Furman v. At Home Stores LLC,*
14  2017 WL 1730995 (N.D. Ill. May 1, 2017) .................................................17
    *Isby,*
15  75 F.3d .................................................................................................16
    *In re Bluetooth Headset Prod. Liab. Litig.,*
16
    654 F.3d 935 (9th Cir. 2011) .............................................................15, 20
17  *In re Immunex Sec. Litig.,*
    864 F. Supp. 142 (W.D. Wash. Aug. 29, 1994) .........................................19
18  *In re Infospace, Inc. Sec. Litig.,*
    330 F. Supp. 2d 1203 (W.D. Wash. 2004) .................................................28
19  *In re Viropharma Inc. Sec. Litig.,*
    2016 WL 312108 (E.D. Pa. Jan. 25, 2016) .................................................17
20  *Linney v. Cellular Alaska P'ship,*
    151 F.3d 1234 (9th Cir. 1998) .................................................................16
21  *Lynn's Food Stores, Inc. v. United States,*
22  679 F.2d 1350 (11th Cir. 1982) .........................................................26, 27
    *McDonald v. CP OpCo, LLC,*
23  2019 WL 2088421 (N.D. Cal. May 13, 2019) .............................................28
    *McKinney-Drobnis v. Oreshack,*
24  16 F.4th 594 (9th Cir. 2021) .....................................................................19
    *Miller v. CEVA Logistics USA, Inc.,*
25  2015 WL 4730176 (E.D. Cal. Aug. 10, 2015) .............................................20
26  *Paul Johnson, Alston & Hunt v. Graulty,*
27  886 F.2d 268 (9th Cir. 1989) .....................................................................20

28
    AMENDED UNOPPOSED MOTION FOR PRELIMINARY        JOSEPHSON DUNLAP, LLP
    APPROVAL OF SETTLEMENT AND CLASS                11 Greenway Plaza, Ste. 3050
    CERTIFICATION – Page iv                         Houston, TX 77046
                                                    Tel: (713) 352-1100

1

*Pellino,*
164 Wash.App. ...........................................................................................................23
*Phillips Petroleum Co. v. Shutts,*
472 U.S. 797 (1985)..................................................................................................25
*Pierce v. Novastar Mortg., Inc.,*
2007 WL 1847216 (W.D. Wash. June 27, 2007)......................................................15
*Rodriguez v. West Publ'g Corp.,*
563 F.3d 948 (9th Cir. 2009).....................................................................................28
*Singer v. Becton Dickinson & Co.,*
2010 WL 2196104 (S.D. Cal. June 1, 2010).............................................................20
*Vasquez v. Leprino Foods Co.,*
2020 WL 1527922 (E.D. Cal. Mar. 31, 2020)...........................................................23
*Wong v. Arlo Techs., Inc.,*
2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ...........................................................28

2

3

4

5

6

7

8

9

Statutes

10

29 U.S.C. 201 ..................................................................................................................9

11

Rules

12

Fed. R. Civ. P. 23(a)(1) – (4) ........................................................................................21
Fed. R. Civ. P. 23(a)(2) .................................................................................................22
Fed. R. Civ. P. 23(b) ......................................................................................................21
Fed. R. Civ. P. 23(b)(1) – (3) ........................................................................................22
Fed. R. Civ. P. 23(c)(2)(B)............................................................................................25
Fed. R. Civ. P. 23(e)(1)(B)......................................................................................21, 25
Fed. R. Civ. P. 23(e)(2)(A) ............................................................................................16
Fed. R. Civ. P. 23(e)(2)(A)-(B).....................................................................................15
Fed. R. Civ. P. 23(e)(2)(C)-(D).....................................................................................15
Fed. R. Civ. P. 23(e)(2)(c)(i-iv)....................................................................................17
Fed. R. Civ. P. 23(e)(2), 2018 .......................................................................................15
Fed. R. Civ. P. 23(g)(1)(A) ...........................................................................................25
Fed. R. Civ. P. 23(g)(1)(B) ............................................................................................25
Federal Rule of Civil Procedure 23(e)(1) ........................................................................8
FRE 408...........................................................................................................................16
Rule 23 .....................................................................................................................Passim
Rule 23(a) ................................................................................................................21, 23
Rule 23(a)(1) ...................................................................................................................22
Rule 23(a)(3) ...................................................................................................................23
Rule 23(a)(4) ...................................................................................................................24
Rule 23(c)(3) ...................................................................................................................25
Rule 23(e) of the Federal Rules of Civil Procedure................................................Passim
Rule 23(e)(1)(B)(i)..........................................................................................................15
Rule 23(e)(2)(c)(i) ..........................................................................................................18
Rule 23(e)(3)....................................................................................................................17
Rule 23(g) .......................................................................................................................24

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page v

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Other Authorities

Manual For Complex Litigation (Fourth) § 21.632 (2004) ...........................................................................15

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page vi

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## I.   INTRODUCTION.

Timothy Dunne (Named Plaintiff)—on behalf of himself, the Rule 23 Class Members (as that term is defined herein), and the Opt-in Plaintiffs (as that term is defined herein)—and Quantum Residential, Inc. (Defendant, together with Plaintiffs, the Parties) have reached a settlement of this lawsuit (the Action). *See* Ex. 1. Plaintiffs allege Defendant failed to pay the Class Members and the Opt-in Plaintiffs for performing work during meal breaks and overtime for hours worked in excess of 40 hours in a workweek, in violation of the Fair Labor Standards Act (FLSA), and as to the Washington Class Members, also the Washington Minimum Wage Act (WMWA). *See* Dkts. 1, 29. The settlement agreement is memorialized in the Settlement Agreement, which is attached as *Exhibit 1*.

The Parties' Agreement is the result of arm's-length negotiations conducted by experienced counsel for all Parties after formally and informally exchanging information over the course of seven months. The terms of the Agreement are reasonable, appropriate, and fair to all Parties and individuals involved—it covers the Named Plaintiff, the approximately 48 Washington Class Members with Rule 23 claims regarding WMWA violations, and up to 76 Opt-in Plaintiffs with claims regarding FLSA violations (together, the Settlement Class Members).

If the Agreement is approved, the Rule 23 Class Members will receive an "Important Notice Regarding Unpaid Overtime Settlement with Quantum Residential, Inc." (Notice) form notifying them of the settlement, attached as *Exhibits 1-A, 1-B, and 1-C*. These Class Members will have the opportunity to (a) submit a Request for Exclusion from the settlement or (b) make an objection to the settlement. *See* Ex 1 at ¶ 45.  Following the Objection and Exclusion Deadline, Named Plaintiff will move for Final Approval. *Id.*

If the Court grants Final Approval, the Class Members will receive a "Settlement Letter" notifying them of the terms of the Settlement (Letter), attached as *Id.* at ¶ A-2. Within 14 days of Defendant depositing the Settlement Amount (to occur within 10 days of the Effective Date but no earlier than July 31, 2024, as that term is defined within the Agreement), the Settlement Administrator

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT AND CLASS CERTIFICATION – Page 1

will disburse Settlement Payment checks. Settlement Class Members will then have 90 days to negotiate the check. *See* Ex. 1 at *Id.* at ¶¶ A-1. The settlement timeline is set out in greater detail within the Agreement. *Id.* at ¶¶ 40-57.

As demonstrated *infra*, the Parties' Agreement is a fair and reasonable resolution of a *bona fide* dispute between the Parties. Therefore, Named Plaintiff respectfully request the Court preliminarily approve the Agreement as it relates to the Rule 23 Class Members' claims and the Opt-in Plaintiffs' FLSA claims. *See, generally,* Ex. 1. Further, Named Plaintiff seek the Court's preliminary approval of the following payments: (i) a Service Award to the Named Plaintiff in the amounts of $5,000; (ii) 40% of the Settlement Amount, in an amount of $60,000.00, to cover Plaintiff's Counsel's Attorneys' Fees and Litigation Expenses; and (iii) Settlement Administration Costs, in an amount not to exceed $10,000.00. *See* Ex. 1 at ¶¶ 13.

Additionally, pursuant to Federal Rule of Civil Procedure 23(e)(1), an order directing Notice to the Rule 23 class is justified where the Court concludes it will likely be able to (1) approve the settlement as fair, reasonable, and adequate, and (2) certify the class for purposes of judgment on the settlement. Accordingly, Named Plaintiff request—and Defendant does not oppose— that the Court permit the issuance of Notice to the Rule 23 class of the proposed settlement, approve the form and manner of notice to the class, appoint Plaintiff's counsel as class counsel, appoint ILYM (ILYM) to administer the class notice plan and to fulfill the duties of the Settlement Administrator as outlined in the Agreement, and schedule a final approval hearing to determine whether the Settlement should be finally approved. The Agreement as well as the relevant Notice and Letter are attached hereto. *See* Ex. 1.[1]

---

[1] This Amended Unopposed Motion for Preliminary Approval of Settlement and Class Certification relates to the Unopposed Motion timely filed on February 7, 2024. Dkt. 31. This Amended Motion contains the signature of Michael C. Subit in compliance with the local rules.

AMENDED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CLASS CERTIFICATION – Page 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## II.    DEFINITIONS

a.    "Action" means the civil action filed in the Western District of Washington, *Timothy Dunne v. Quantum Residential, Inc.*, Case Number 3:23-cv-05535.

b.    "Washington Class Members" means all hourly, non-exempt Quantum maintenance workers who worked in Washington at any time between June 14, 2020 and June 14, 2023.

c.    "FLSA Collective Members" shall mean the hourly, non-exempt Quantum maintenance workers who worked in Washington or Oregon at any time between June 14, 2020 and June 14, 2023.

d.    "Settlement Class Members" means the Washington Class Members and FLSA Collective Members, less any Excluded Settlement Class Members.

e.    "Excluded Settlement Class Members" means the Class Members who submit a Request for Exclusion and the Opt-In Plaintiffs who do not negotiate their check within one hundred and fifty days of the Check Cashing Deadline.

f.    "Check Cashing Deadline" means 90 days from the date when the Settlement Administrator mails the Settlement Payments.

g.    "Settlement Administrator" shall mean ILYM, a qualified third-party settlement administrator mutually agreeable to the Parties.

h.    "Settlement Amount" shall mean One Hundred Fifty Thousand Dollars ($150,000.00).

i.    "Settlement Payments" means the amounts to be paid to Settlement Class Members from the Net Settlement Fund as described in Section 4 of the Joint Stipulation of Settlement.

j.    "Net Settlement Fund" refers to the Settlement Fund less the amounts awarded by the Court for Plaintiffs' Attorneys' Fees and Litigation Expenses, the Named Plaintiff Service Awards, the Settlement Administration Costs, and any taxes associated with the aforementioned payments except the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments made to the Settlement Class Members.

k.    "Effective Date" means the date by which this Settlement is approved as provided in the Agreement and the Court enters the Final Approval Order.[2]

---

[2] In the event that objections are made to the Settlement by any person, then the Effective Date means the date on which the Court's Final Approval Order is no longer appealable, or if an appeal is filed, the date on which such appeal is final and no further action is required by the Court. *See* Ex. 1 at ¶ 23. Notwithstanding the foregoing, the Parties agree to waive all rights to appeal on entry of the Final Approval Order, except that Plaintiff's Counsel may appeal an award of Plaintiff's Counsel's fees and costs, should the sum awarded by the Court fall below that requested. *Id.* Accordingly, where the Final Approval Order entered by the Court grants the relief sought by the Parties as set forth in the Joint Stipulation of Settlement and in the absence of any objection by a Class Member, the Effective Date shall be the date of the Final Approval Order. *Id.*

1
2
3   **III.     FACTUAL AND PROCEDURAL BACKGROUND.**

4          **A.      Nature of the Claims.**

5          In June 2023, Dunne filed this Action on behalf of himself and others similarly situated, alleging

6   Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*. *See* Doc. 1. Dunne

7   alleged Defendant failed to pay certain workers earned overtime as required by federal law and the

8   WMWA. *Id.* Specifically, Named Plaintiff alleges Defendant failed to compensate its maintenance

9   workers for work performed during their meal breaks. *Id.*  The operative Complaint further alleges

10  Class Members regularly worked more than 40 hours in individual work weeks but Defendant did not

11  pay them overtime wages for the hours they worked in excess of 40 hours, in willful violation of the

12  FLSA. *Id.* Defendant denies these allegations, disputes that it violated any law, and raises affirmative

13  defenses, including assertions that (1) the maintenance workers did not perform compensable work

14  during their meal breaks, (2) Plaintiffs were paid lawfully under the applicable laws, (3) Defendant acted

15  in good faith, and (4) Defendant did not willfully or intentionally violate the FLSA. *See, e.g.,* Doc. 12.

16          **B.      Procedural History of the Litigation.**

17          Plaintiff Dunne commenced the litigation on June 14, 2023. *See* Doc. 1. On July 21, 2023,

18  Defendant filed its Answer to Plaintiff's Complaint. *See* Doc. 12. Shortly thereafter, the parties

19  conducted a Rule 26(f) conference. After serving Initial Disclosures, counsel for the Parties began

20  discussing the possibility of settlement. On September 25, 2023, the Parties filed their JSR and

21  Discovery Plan. *See* Doc. 14.

22          Ultimately, the Parties agreed to mediate with Mike Reiss, a well-regarded wage and hour

23  mediator. In advance of the mediation, the parties exchanged comprehensive payroll and wage and

24  hour information to create a class-wide damage model.  Likewise, the Parties extensively briefed the

25
26
27
28

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 4

law and the facts to Mr. Reiss (including exchanging information and damage calculations with one another) such that both Parties entered the negotiations with eyes wide open.

On December 13, 2023, the parties participated in a remote Zoom mediation with Mr. Reiss. The mediation lasted all day and was productive in terms of negotiating a dollar amount but, of equal importance, non-monetary terms like settlement structure and no reversion of settlement funds.  Over the following six weeks, the parties memorialized the term sheet in the formal Stipulation of Settlement before the Court. *See* Ex. 1.

On February 7, 2024, Dunne filed his Motion for Leave to Amend Complaint. *See* Dkt. 30. The Amended Complaint reflects the putative class and collective at issue in the Parties' settlement. Dkt. 30-1. The Amended Complaint also withdraws the regular rate violation. *Id.* The allegations related to unpaid meal breaks remain. *Id.*

## IV.     SUMMARY OF THE SETTLEMENT TERMS.

### A.     The Proposed Settlement Class and Class Period.

The Parties ask the Court to certify a Rule 23 class of:

> "All hourly, non-exempt Quantum maintenance workers who worked in Washington at any time between June 14, 2020 and June 14, 2023."

Dkt. 30-1 at ¶ 27. The Parties likewise ask the Court to certify an FLSA collective of:

> "All hourly, non-exempt Quantum maintenance workers who worked for Quantum at any time between June 14, 2020 and June 14, 2023."

Dkt. 30-1 at ¶ 25.

### B.     The Common Fund.

The Settlement Amount in the common Settlement Fund is $150,000.00, from which the following payments shall be made: (i) Settlement Payments to the Settlement Class Members, (ii) Attorneys' Fees and Litigation Expenses of no more than $60,000.00 (representing 40% of the common Settlement Fund), (iii) Named Plaintiff' Service Awards, in the amounts of Five Thousand Dollars ($5,000.00) to Dunne, and (iv) Settlement Administration Costs not to exceed $10,000, and (v)

any taxes associated with the aforementioned payments except the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments made to the Settlement Class Members.[3] *See* Ex. 1 at ¶¶ 1(m)—1(u); 4(a)—4(b), 6(a). Settlement Payments are based on each Class Member's work history, including the Class Members' actual compensation and number of weeks worked in the relevant period. *Id.* at ¶ 39(b).

### C.      Direct Payments to Rule 23 Class Members.

Class Members who do not exclude themselves from the settlement will be issued checks, which they must negotiate within 90 days. *See* Ex. 1 at ¶¶ A-1. If any Settlement Class Member's Settlement Payment check is not negotiated by the Check Cashing Deadline, then Plaintiff's Counsel shall perform another calculation of Settlement Payments as detailed in the Stipulation of Settlement, but including only the remaining Settlement Class Members who negotiated their Settlement Payment check within Ninety (90) days (the "Eligible Settlement Class Members"). *See* Ex. 1 at ¶ 36. The Settlement Administrator would then redistribute the unclaimed Settlement Payments to the Eligible Settlement Class Members in accordance with the calculations provided by Plaintiff's Counsel. *Id.*

### D.      Release of Claims.

Class Members who do not submit a Request for Exclusion will release all wage and hour claims or causes of action arising from June 14, 2020 through June 14, 2023 and which arise out of or are related to the allegations in the Complaint, including, but not limited to, those brought under the FLSA and the WMWA. *See* Ex. 1 at ¶¶ 52. Opt-in Plaintiffs who are not Class Members who negotiate their settlement checks will likewise release all wage and hour claims or causes of action arising from June 14, 2020 and June 14, 2023 and which arise out of or are related to the allegations in the Complaint, including but not limited to claims arising under the Fair Labor Standards Act and Washington wage

---

[3] Apart from the Settlement Amount, Defendant will be responsible for payment of the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments made to the Named Plaintiff and Settlement Class Members. See Ex. 1 at ¶ 13.

payment laws. *Id.* at ¶¶ A-1. Named Plaintiff releases such wage and hour claims, and further release any claims growing out of their employment with, treatment at, and separation from Defendant, as well any claims regarding wages or compensation received from Defendant, and as is more fully detailed within the Agreement. Ex. 1 at ¶ 58. However, Named Plaintiff does not release—and specifically retain—the right to pursue a claim for workers' compensation benefits, if applicable. Ex. 1 at ¶ 58.

**E.    Settlement Administration.**

The Parties have selected ILYM to act as the Settlement Administrator. *Id.* at ¶1(p). The duties of the Settlement Administrator are set forth in the Agreement and include: (1) facilitating Notice to the Class Members; (2) determining the employer's share of payroll employment taxes on the Settlement Payments; (3) mailing Notice Materials to Class Members and maintaining a telephone line and/or settlement website as a resource for Settlement Class Members to update their contact information; (4) withholding federal and state taxes on the determined amounts (5) issuing each Settlement Class Member an IRS Form W-2 in connection with each Settlement Payment; (6) issuing an IRS Form 1099 for the liquidated damages portion of each Settlement Payment; (7) sending and receiving opt-in notices from FLSA Collective Members; (8) receiving objections and Requests for Exclusion from Class Members who submit them, and providing a list of those Class Members to the Parties; (9) delivering Settlement Payments to Settlement Class Members, along with the Letter explaining the settlement; (10) delivering Named Plaintiff's Service Award; (11) wiring to Plaintiff's Counsel the Attorney's Fees and Litigation Expenses awarded by the Court; (12) establishing and controlling a Qualified Settlement Fund in which the Settlement Fund will be deposited. *Id.* at ¶¶ 5, 16, 19-20, 22, 25, 37-44, 50, 53-57, ; Ex. A-1, A-2, A-3. The cost of administering the Settlement will be paid from the Settlement Fund. *Id.* at ¶¶ 13.

**F.    Notice of Settlement**.

The proposed notice program includes the Notice (*See* Ex. 1-C, *Notice*) notifying Class Members the lawsuit settled, identifying the Class Member's estimated recovery, explaining how the amount was

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 7

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

calculated, describing how the Class Member can object to the settlement or request to be excluded from it, and disclosing information regarding the Final Approval Hearing. *See* Ex. 1 at ¶ A-1. Class Members will receive the Notice of Settlement and applicable opt-in and opt-out information from the Settlement Administrator by mail. Ex.1 at ¶ 44.

Prior to mailing the Notice of settlement, Plaintiff's Counsel will provide the Settlement Administrator with the final Settlement Payment calculations, the Class Data, the Class Notice, and any additional information the Settlement Administrator needs to facilitate Notice. *Id.* at ¶¶ 69(a)-69(g).

### G.    Service Award.

The Stipulation of Settlement provides for Service Awards to the Named Plaintiff—Five Thousand Dollars ($5,000.00) to Dunne. Ex. 1 at ¶ 38. Named Plaintiff will execute the general release of Defendants (containing a broader release than the general Class Members' release). Ex. 1 at ¶ 58. The Notice of settlement will advise Class Members about the request for the Service Awards. *See* Ex. 1 at A-1.

### H.    Plaintiff's Counsel's Attorneys' Fees and Litigation Expenses.

Plaintiff's Counsel will apply to the Court for payment of attorneys' fees and costs from the Settlement Fund. *See* Ex. 1 at ¶¶ 37. Under the Agreement, the total Attorney's Fees and Litigation Expenses sought shall not exceed $60,000.00 (40% of the common fund) *Id.*  Defendant does not object to Class Counsel's application within these limits. *Id.* The Notice of Settlement advises Class Members about the request for Attorneys' Fees and Costs. *See* Ex. 1 at A-1, A-2, A-3.

## V.    ARGUMENT.

### A.    The Standard of Review Under Rule 23(e).

The Court should approve the Settlement because it is fair, reasonable, and adequate, and because it mitigates—for all parties—the large expense and risk of pursuing this action through further discovery, summary judgment, and arbitration (or trial). "Rule 23(e) of the Federal Rules of Civil

Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The court reviews proposed class settlements in two stages, the first of which is a "preliminary fairness evaluation." *See Pierce v. Novastar Mortg., Inc.*, No. C05-5835RJB, 2007 WL 1847216, at *3 (W.D. Wash. June 27, 2007) (citing Manual For Complex Litigation (Fourth) § 21.632 (2004)).

The 2018 amendments to Rule 23 direct parties to present proposed class settlements "in terms of a shorter list of core concerns." Fed. R. Civ. P. 23(e)(2), 2018 Adv. Comm. Notes. These concerns, which Rule 23(e)(2) now requires courts to consider before approving a class settlement, include two concerns bearing on procedural fairness and two bearing on substantive fairness. Id. The two procedural concerns are whether plaintiffs and their counsel have adequately represented the class and whether the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A)-(B). The two substantive concerns are whether the relief provided for the class is adequate and whether the proposed settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(C)-(D).

Plaintiff submits that review of these four core concerns favors the proposed Settlement and should give the Court confidence that it will be able to grant final approval after Class Members are given an opportunity to express their views.

**B.    The Proposed Settlement is Fair, Reasonable, and Adequate.**

Pursuant to Rule 23(e)(1)(B)(i), the Court may preliminarily approve a class action settlement if it "will likely be able to approve the proposal under Rule 23(e)(2)" which entails reviewing four enumerated factors. Plaintiffs addresses each factor in turn.

**1.    Plaintiff's Counsel has Adequately Represented the Settlement Class Members.**

This factor focuses "on the actual performance of counsel acting on behalf of the class." FED.

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 9

R. CIV. P. 23, Advisory Committee Notes (Dec. 1, 2018) (hereafter "Advisory Committee Notes"). One of the hallmarks of adequate representation is a thorough investigation and assessment of the class members' claims. *See* FED. R. CIV. P. 23(e)(2)(A), Adv. Comm. Note. Formal discovery is not required, but counsel should have sufficient information to make informed decisions at the bargaining table. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, Plaintiff's Counsel's pre-mediation investigation was robust, and it included several lengthy interviews with the Named Plaintiff and a comprehensive review of documents reflecting the compensation and hours worked of the putative class members, including the putative class members' pay/punch records. *See* Ex. 2, Fitz Decl. ¶ 16. In advance of mediation, Plaintiff's Counsel created a comprehensive class-wide damage model that identified the amount of unpaid wages owed to the putative class members depending on the number of unpaid meal breaks per workweek. Through Quantum's FRE 408 data production, Plaintiff's Counsel possesses all the information necessary to evaluate the merits of the claims. Net of all fees and costs, the average recovery for each Settlement Class Member is estimated to be $714.29, with the maximum Settlement Payment being $2,274.49. *See* Ex. 2, Fitz Decl. ¶ 8.  The settlement is an exceptional result.

In this context, Plaintiff's Counsel's position that this settlement represents an excellent recovery for class members should carry particular weight. For almost 20 years, Plaintiff's Counsel have devoted nearly their entire practice to prosecuting wage and hour claims nationwide (having been either lead counsel or co-counsel in over 1,400 wage and hour class and collective actions or individual cases) and they have a deep knowledge of wage and hour practices in this industry, the type of evidence that typically exists, and how to value these claims. *Id.* at ¶¶ 3-7. Plaintiff's Counsel's deep knowledge of the industry and the law confirms—beyond the metrics which likewise prove as much—that this settlement represents an excellent recovery for Settlement Class Members. *Id.*; *Isby*, 75 F.3d at 1200 ("the district court was entitled to give consideration to the opinion of competent counsel that the settlement was

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

fair, reasonable and adequate.").

The Court should find the Settlement Class Members have been adequately represented.

### 2.      The Settlement was Negotiated at Arm's Length.

This factor focuses on whether the settlement negotiations "were conducted in a manner that would protect and further the class interests." *See* FED. R. CIV. P. 23(e), Advisory Committee Notes. Here, this factor is satisfied because the settlement was achieved through arm's-length negotiations culminating in a full-day mediation session overseen by noted wage and hour mediator Mike Reiss. *See* Ex. 2, Fitz Decl. at ¶ 13; *In re Viropharma Inc. Sec. Litig.*, 2016 WL 312108, at *8 (E.D. Pa. Jan. 25, 2016) (noting that "participation of an independent mediator … virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties") (quotes omitted).

Again, after extensive research, the Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. *See* Ex. 2, Fitz Decl. at ¶¶ 13-18. This is sufficient to establish a contested litigation. *See, e.g., Furman v. At Home Stores LLC*, No. 1:16-CV-08190, 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017) (finding litigation was contested where the defendant denied that it violated wage and hour law, the parties reviewed comprehensive payroll data in reaching the settlement, and the settlement was the result of arm's-length negotiations).

The Court should find the settlement was negotiated at arm's length.

### 3.      The Relief Provided to the Settlement Class Members is Adequate.

Rule 23(e) charges the Court to consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member

claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). *See* FED. R. CIV. P. 23(e)(2)(c)(i-iv).

Here, Defendant has agreed to pay a substantial sum to Settlement Class Members given the risks associated with continued litigation. After the payment of Class Counsel's Attorneys' Fees, Litigation Expenses, Service Awards, Settlement Administration Costs, by Plaintiff's calculations, Settlement Class Members are receiving more than the estimated wages owed if they worked one uncompensated meal break each workweek they worked under a three-year statute of limitations. *See* Ex. 2, Fitz Decl. at ¶ 17. This is an excellent result given that Defendant vigorously disputes the Class Members were unlawfully denied meal breaks and overtime wages and further argues it complied with the WMWA and FLSA. For this reason, as well as the reasons set forth in the subsections below, the excellent result for Settlement Class Members supports preliminary approval.

The Court should find Plaintiff's Counsel provided adequate relief to the Settlement Class Members.

### a. The costs, risks, and delay of trial and appeal.

Considering the costs, risks, and delay associated with trial and appeal, the proposed settlement satisfies Rule 23(e)(2)(c)(i). As noted *supra*, the settlement confers a significant monetary payment to the Settlement Class Members. This would be an excellent recovery in any wage and hour case, and particularly when weighed against the procedural and substantive risks in the case. Procedurally, the settlement provides a class-wide recovery right now, with no risks associated with maintaining class and conditional certification. Although Plaintiffs are confident certification is proper, maintaining certification of the FLSA collective and obtaining certification of the Washington wage and hour class is not guaranteed. Obtaining this same result at trial would require defeating motions for decertification of the collective and opposition to class certification.

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Absent settlement, the Parties would have engaged in extensive written and oral discovery relating to certification, liability, and damages. Motion practice would have included briefing on collective and class certification, as well as dispositive motions. The Settlement provides collective and class-wide resolution while avoiding the risks and increased expenses associated with continued litigation, including potential appeals. This factor weighs strongly in favor of settlement approval.

### b.   The effectiveness of the proposed method distributing relief to Settlement Class Members.

Under this factor, the Court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." *See* Advisory Committee Notes.  In this case, Washington Class Members are not required to file claim forms to receive a settlement payment. *See* Ex. A-1, *Notice*. Instead, unless Washington Class Members request to be excluded, they will be sent a check for their settlement amount.  *See* Ex. 1 at ¶¶ 34-57. Moreover, the Settlement Administrator will mail every individual covered by the settlement an individualized Notice form that explains the settlement. *See* Ex. 1 at Ex. A-1, A-2, A-3. Washington Class Members who do not exclude themselves and all Opt-in Plaintiffs will be mailed checks following final approval of the Settlement without the need to take any additional action. *See* Ex. 1 at ¶¶ 34-57. The robust Notice program and direct distribution of Settlement Payments to Settlement Class Members supports preliminary approval of the Agreement. This factor also weighs in favor of settlement approval.

### c.   The relief provided to the Settlement Class Members is adequate considering the terms of the proposed award of attorneys' fees.

Rule 23(e) imposes an obligation on district courts to "balance the 'proposed award of attorney's fees' vis-à-vis the 'relief provided for the class' in determining whether the settlement is

'adequate' for class members." *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021). In the pre-certification context, this analysis is concomitant with the analysis of whether the settlement meets the heightened scrutiny for pre-certification class settlements. *See id.* at 607-12.

First, the Settlement Agreement allows the attorneys to request up to 40% of the settlement fund for attorneys' fees and costs. Ex. 1, ¶ I(13). Based on the factors used by federal courts, this percentage is reasonable. *See In re Immunex Sec. Litig.*, 864 F. Supp. 142, 145 (W.D. Wash. Aug. 29, 1994) (holding that 30% of net recovery is reasonable attorney fees); *Paul Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("fees awards range from 20 percent to 30 percent of the fund created"); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942 (court has discretion in common fund cases to choose the percentage-of-the-fund or the lodestar method).

Second, there is no reversion. This favors approval of the proposed settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942.

This amount is well within the range of reasonable attorneys' fees awarded in common fund cases, especially considering it also covers Litigation Expenses. *See Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) ("a review of California cases in other districts reveals that courts usually award attorneys' fees in the 30-40% range in wage and hour class actions that result in recovery of a common fun under $10 million"); *Miller v. CEVA Logistics USA, Inc.*, No. 2:13-CV-01321-TLN, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015) (same); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving "attorneys' fees in the amount of 33.33% of the common fund" and noting two cases in the same District approved 40% fee in wage and hour class actions).[4]

---

[4] Plaintiff's Counsel's out of pocket expenses are approximately $1,750.00 in this matter. Therefore, the attorney's fee request equals approximately 38.83% of the Gross Settlement.

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 14

At the final approval stage, Plaintiffs will fully brief the fairness and reasonableness of the requested attorneys' fees under the applicable factors. In the meantime, it is likely that the amount of the proposed attorneys' fees will support final approval because courts in the Western District of Washington and around the Ninth Circuit routinely award a similar percentage for attorneys' fees from a common fund. This factor too weighs in favor of settlement approval.

> **d.  The relief provided to the Settlement Class Members is adequate considering there are no agreements required to be identified under Rule 23(e).**

The only agreement between the Parties is the Settlement Agreement, which the is attached to this Motion. There are no other agreements regarding the Settlement Class Members or Attorneys' Fees related to this settlement. This factor weighs in favor of settlement approval.

> **4.  The Settlement Treats Settlement Class Members Equitably to One Another.**

This factor seeks to prevent the "inequitable treatment of some class members vis-a-vis others." *See* Advisory Committee Notes. In this case, Plaintiff's Counsel diligently created an allocation formula fair to all Settlement Class Members. Settlement Payments are calculated on a *pro rata* basis based on the number of applicable work weeks they worked based on the data produced by Defendant. *See* Ex. 1 at ¶ 39(a-c). Thus, this factor favors preliminary approval of the Agreement.

> **D.  Class Certification for Settlement Purposes is Appropriate**

The Court "will likely be able to… certify the class[es] for purposes of judgment on the proposal." *See* FED. R. CIV. P. 23(e)(1)(B). A determination of class certification requires a two-step analysis. FED. R. CIV. P. 23(b). First, class certification is appropriate where the plaintiff shows that the following four Rule 23(a) factors are satisfied: numerosity (the class must be so large that individual joinder is "impracticable"), typicality (Named Plaintiff's claims are typical of the class's claims), commonality (questions of law or fact common to the class), and adequacy of representation (the class representative must be able to fairly and adequately protect class interests). FED. R. CIV. P. 23(a)(1) – (4).

Second, the action must qualify under one of the three subsections of Rule 23(b). FED. R. CIV. P. 23(b). Rule 23(b) is satisfied on a showing of one of three circumstances: (1) separate lawsuits would create the risk of inconsistent judgments or would be dispositive of the interests of nonparty class members; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) questions of law or fact common to the class predominate over questions affecting individual members, and the class action is superior to other available methods. Fed. R. Civ. P. 23(b)(1) – (3).

In this case, the proposed settlement class satisfies Rule 23 and should be certified for settlement purposes.

### 1.    The Class is Sufficiently Numerous.

Rule 23(a)(1) requires a class large enough that the joinder of all members would be "impracticable." While there is no "no threshold number of class members that automatically satisfies this requirement … [g]enerally, 40 or more members will satisfy the numerosity requirement." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1326–27 (W.D. Wash. Apr. 10, 2015) (citations omitted). Here, because the Settlement Class includes approximately 124 employees, joining all Settlement Class Members would not be practical, and numerosity is satisfied.

### 2.    The Class Shares Common Issues.

For a class to be certified, questions of law or fact must exist common to the class. FED. R. CIV. P. 23(a)(2). A plaintiff satisfies the commonality requirement by demonstrating the presence of issues common to all proposed class members. *Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362, at *3 (W.D. Wash. May 11, 2009). Courts construe the commonality requirement permissively, and all questions of law and fact need not be common to satisfy subsection 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "Even a single question of law or fact

common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011).

Commonality is satisfied here. All of the Settlement Class Members were allegedly denied overtime for hours worked beyond 40 hours in a workweek. The common questions raised by the WMWA allegation (and FLSA allegations) in this case include: whether Defendant had a policy of automatically deducting pay from the putative class members' meal breaks; whether the work performed by putative class members during their meal breaks was compensable under Washington law; and whether Defendant's alleged illegal pay practice applied to the Class Members. These common questions are sufficient to meet the Rule 23(a) commonality requirement. *See Carlson v. Home Depot USA Inc.*, No. C20-1150 MJP, 2021 WL 4636858 (W.D. Wash. Oct. 7, 2021) (certifying class of Home Depot in-store supervisors or specialists who alleged they worked through meal and rest breaks as a consequence of Home Depot's "Customers First" policy); *see also Pellino*, 164 Wash.App. at 668 (affirming certification of Washington meal break class); *Chavez v. Our Lady of Lourdes Hosp.*, 415 P.3d 224, 231 (Wash. 2018); *Vasquez v. Leprino Foods Co.*, 2020 WL 1527922, at *16 (E.D. Cal. Mar. 31, 2020) (granting certification of meal and rest break claims for "all hourly workers" at a food-processing plant, from maintenance workers to admin employees). Thus, commonality is likely to be satisfied here.

### 3. Named Plaintiff Dunne's Claims are Typical of Class Members.

The Rule 23(a)(3) requirement of typicality is met here as well. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1    Here, Plaintiff's claims are typical because his injuries stem from the same conduct alleged to

2    have affected and injured the Settlement Class Members. As described above, Defendant's alleged

3    denial of rightful wages for the time spent working during meal breaks everyday are similarly alleged

4    on behalf of the Class. Accordingly, Plaintiff's claims are typical of the class for purposes of settlement.

5              **4.      Adequacy of Representation is Satisfied.**

6         Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the

7    interests of the class. Fed. R. Civ. P. 23(a)(4). Courts in the Ninth Circuit consider two questions in

8    evaluating this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest

9    with other class members and (2) will the named plaintiffs and their counsel prosecute the action

10   vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

11

12        Plaintiff's and Class Counsel's interests are aligned and not antagonistic to those of the Class,

13   as they share an interest in recovering compensation for the wage and hour violations that Plaintiff

14   alleges were suffered by the whole class. Plaintiff has been committed to his representation of the Class

15   through this litigation, communicating regularly with Class Counsel and continuously providing

16   information about his experience and accounts of other Class Members. Plaintiff provided Class

17   Counsel with information that was critical in the negotiation of a classwide settlement. Ex. 2.

18        **C.      Plaintiff's Counsel Should Be Appointed as Class Counsel.**

19

20        Michael Josephson and Carl A. Fitz of Josephson Dunlap, LLP, Richard "Rex" Burch of

21   Bruckner Burch PLLC, and Michael C. Subit of Frank Freed Subit & Thomas LLP, should be

22   appointed as Class Counsel.  Rule 23(g), which governs the standards and framework for appointing

23   class counsel for a certified class, sets forth four criteria the district court must consider in evaluating

24   the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating

25   potential claims in the action; (2) counsel's experience in handling class actions, other complex

26   litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law;

27

28

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 18

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

and (4) the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(g)(1)(B).  Plaintiff's Counsel meet all of these criteria and have been appointed class counsel in wage and hour class actions many times before. *See* Ex. 2, Fitz Decl. at ¶¶ 3-10.

### D.    The Court Should Approve Parties' Proposed Settlement Notice Program.

When a class action lawsuit is settled, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1)(B).  To that end, Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all class members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B).  To protect the rights of absent class members, a court must require the best notice practicable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). Such notice can be effectuated through "United States mail, electronic means, or other appropriate means." *Id.*  Also, any notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." FED R. CIV. P. 23(c)(2)(B).

Here, all of the above requirements are satisfied. Pursuant to the Stipulation of Settlement, ILYM, an experienced third-party Settlement Administrator, will be provided with the name, last known address, employee ID number, last known telephone number, and dates of employment of each Settlement Class Member, and they will mail the Notice. *See* Ex. 1 at ¶ 41. Individuals will have 45 days from the mailing of the Notice to exclude themselves from or object to the settlement. *See* Ex. 1 at ¶ 5.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Moreover, the Notice form is written in clear language and accurately describes the nature of the action, the settlement, the scope of the release, and the process Class Members must follow to exclude themselves from or object to the Settlement. *See* Ex. 1-C, *Notice.* Importantly, each notice packet includes an individualized page informing Class Members of their anticipated award and an explanation of how it was calculated. *Id.* This detailed Notice protects the rights of absent class members, thereby weighing in favor of settlement approval.

**E.      The Standard of Review for Approval Under the FLSA.**

Named Plaintiff requests the Court approve the FLSA settlement as set forth in the Agreement. *See* Ex. 1. Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). Court approval is appropriate if the settlement is a "fair and reasonable resolution of a *bona fide* dispute." *Stenschke v. Lufthansa Technik N. Am. Holding Corp.*, No. C21-1646, Dkt. No. 18 at 1 (W.D. Wash. Mar. 16, 2023) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (approving FLSA settlement). The Court, therefore, should perform two inquiries before approving an FLSA settlement. First, the Court must be satisfied that the settlement was the product of "contested litigation." Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the Parties. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicium of fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id.*

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 20

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

A settlement addresses a bona fide dispute when it "reflect[s] a reasonable compromise over issues ... that are actually in dispute." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Lynn's*, 679 F.2d at 1355). Here, the Parties' contradictory positions regarding the extent to which Plaintiffs' purported work performed during meal breaks was compensable under the FLSA, as set forth in the Parties' motion and supporting declarations (and other parts of the record), demonstrate the existence of a *bona fide* dispute at the time of mediation and settlement as to whether Plaintiffs could recover under the FLSA during the operative period.

Further, the FLSA release should be approved for Settlement Class Members who are Class Members that do not opt out of the Settlement as well as the Opt-In Plaintiffs who are not Settlement Class Members and who negotiate their settlement checks. *See e.g.*, *Alvarado v. Int'l Laser Prods., Inc.*, Order Granting Final Approval of Class and Collective Action Settlement, No. 18-cv-07756, p. 3-4 (N.D. Ill. Jan. 24, 2020) (approving release of FLSA claims for settlement class members who signed limited endorsement on the back of the settlement check, which served as a properly filed consent form and agreement to be bound by the settlement); *Magpayo*, Order Granting Final Approval of Class Settlement, No. 16-cv-01176 (N.D. Ill. May 14, 2019), ECF No 134 at * 4 (same).

For these reasons and the reasons discussed *supra*, the Court should approve the FLSA settlement.

**F.     The Requested Service Award Should Be Approved.**

Service awards are commonplace in class actions and are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). In the Ninth Circuit, a $5,000 service award "is presumptively reasonable." *McDonald v. CP OpCo, LLC*, No. 17-CV-04915-HSG, 2019 WL 2088421, at *7 (N.D. Cal. May 13, 2019) (compiling cases).

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 21

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Named Plaintiff took significant actions to protect the interests of potential collective action members, and those actions resulted in a substantial benefit to Settlement Class Members. *See Brewer, Wilson v. Huuuge, Inc.*, No. 18-cv-5276-RSL, 2021 WL 512229, at *2 (W.D. Wash. Feb. 11, 2021) (approving $10,000 service award where the named plaintiff invested substantial time in the case and risked reputational harm); *see also Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *12 (N.D. Cal. Apr. 19, 2021) (noting that "[s]ervice awards as high as $5,000 are presumptively reasonable" in the Ninth Circuit and collecting cases holding the same); *In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (approving a $5,000 and $6,000 service award). Finally, Named Plaintiff spent time and effort in furthering the litigation, including providing information to his attorneys. Accordingly, the requested service awards are reasonable, and this Court should approve the request.

## G. Scheduling the Final Approval Hearing is Appropriate.

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the Settlement may explain the terms and conditions of the Settlement and offer argument in support of final approval. In addition, Class Members, or their counsel, may be heard in support of or in opposition to the Settlement. The Court will determine after the Final Approval Hearing whether the Settlement should be approved, and whether to enter a final approval order and judgment under Rule 23(e).  Plaintiffs request that the Final Approval Hearing be scheduled as soon as possible after they file their Motion for Final Approval of the Settlement.

## VI.   CONCLUSION

Plaintiff requests the Court grant his Unopposed Motion for Preliminary Approval of Settlement and Motion for Certification of Class and enter the contemporaneously submitted Proposed Order (*See* Ex. 1, Settlement Agreement, Ex. 3, Proposed Order).

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 22

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

2
Date: February 8, 2024

Respectfully submitted,

3
By: */s/ Carl A. Fitz*

4
Michael A. Josephson *(Pro Hac Vice)*
Andrew W. Dunlap *(Pro Hac Vice)*

5
Carl A. Fitz *(Pro Hac Vice)*
JOSEPHSON DUNLAP LLP

6
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

7
Telephone: 713.352.1100
mjosephson@mybackwages.com

8
adunlap@mybackwages.com
cfitz@mybackwages.com

9

10
*/s/ Michael C. Subit*
Michael C. Subit, WSBA #29189

11
FRANK FREED SUBIT & THOMAS, LLP
705 Second Ave., Suite 1200

12
Seattle, Washington 98104
Telephone: 206.624.6711

13
msubit@frankfreed.com

14
Richard J. (Rex) Burch*

15
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025

16
Houston, Texas 77046
Telephone: 713.877.8788

17
rburch@brucknerburch.com

18
*Pro Hac Vice Applications Forthcoming*

19
*Attorneys for Plaintiff, Class, and Collective Members*

20

21

22

23

24

25

26

27

28

AMENDED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS
CERTIFICATION – Page 23

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100