**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| TIMOTHY DUNNE, Individually and for Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>QUANTUM RESIDENTIAL, INC., a Washington for-profit corporation,<br><br>　　　　Defendant. | **Case No. 3:23-cv-05535**<br><br>**FIRST AMENDED~~ORIGINAL~~ CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**FIRST AMENDED~~ORIGINAL CLASS~~ & COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.　　Timothy Dunne (Dunne) brings this class and collective action to recover unpaid wages and other damages from Quantum Residential, Inc. (Quantum).

2.　　Dunne works for Quantum as a Maintenance Technician at Quantum's residential communities in Washington.

3.　　Like the Putative Class Members (as defined below), Dunne regularly works more than 40 hours in a workweek.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

4.      But Quantum fails to pay these employees for all the hours they work does not pay these employees overtime compensation at the proper premium rate.

5.      Instead, Quantum uniformly pays Dunne and the Putative Class Members non-discretionary bonuses and/or commissions that Quantum fails to include in calculating these employees' regular rates of pay for overtime purposes.

6.      Quantum's bonus/commission pay scheme violates the Fair Labor Standards Act (FLSA) and the Washington Minimum Wage Act (WMWA) by failing to pay Dunne and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on all renumeration received – for all overtime hours worked.

7.      Further, in addition to failing to pay Dunne and the Putative Class Members overtime wages at the proper premium rate, Quantum also fails to pay these employees for all the hours they work.

8.5.      Instead, Quantum requires Dunne and the Putative Class Members to work "off the clock," during their unpaid meal breaks.

9.6.      In fact, Quantum deducts 1 hour a day from these employees' work time for so-called meal breaks if they are unable to take, and do not clock out and record they took, their meal breaks.

10.7.      But Quantum fails to provide Dunne and the Putative Class Members with *bona fide* meal breaks.

11.8.      Instead, Quantum requires Dunne and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

12.9.      Quantum's meal break policy violates the FLSA and WMWA by depriving Dunne and the Putative Class Members of overtime wages for all overtime hours worked.

FIRST AMENDED ORIGINAL COMPLAINT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

13.10.   Likewise, Quantum's meal break policy violates the Washington Wage Rebate Act (WWRA) because Quantum willfully withholds earned wages from Dunne and the Washington Class Members (at their agreed hourly rates of pay) for all hours worked in a workweek, including those worked during their unpaid "meal breaks."

14.11.   Finally, Quantum's failure to provide and ensure Dunne and the Putative Class Members receive *bona fide* meal breaks violates the Washington Administrative Code (WAC).

## JURISDICTION & VENUE

15.12.   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

16.13.   This Court has supplemental jurisdiction over the state-law subclass pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

17.14.   This Court has general personal jurisdiction over Quantum because Quantum is a domestic corporation that maintains its headquarters in Vancouver, Washington.

18.15.   Venue is proper because Quantum maintains its headquarters in Vancouver, Washington, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

19.16.   Dunne has worked for Quantum as a Maintenance Technician at Quantum's residential communities in Vancouver and Camas, Washington since approximately November 2021.

20.17.   Throughout his employment, Quantum classified Dunne as non-exempt and paid him on an hourly basis.

21.   Throughout his employment, Quantum paid Dunne non-discretionary bonuses and commissions that Quantum failed to include in calculating Dunne's regular rate of pay for overtime purposes.

FIRST AMENDED ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

**Formatted:** No bullets or numbering

22. 18.   Throughout his employment, Quantum required Dunne to work "off the clock" during his unpaid meal breaks.

23. 19.   Throughout his employment, Quantum failed to provide Dunne with *bona fide* meal breaks.

24. 20.   Dunne's written consent is attached as **Exhibit 1**.

25. 21.   Dunne brings this action on behalf of himself and other similarly situated hourly, non-exempt Quantum employees who (1) were subject to Quantum's bonus/commission pay scheme and/or (2) received a meal break deduction.

26.   Quantum uniformly pays these employees non-discretionary bonuses and/or commissions that Quantum fails to include in calculating their regular rates of pay for overtime purposes.

27. 22.   Quantum uniformly deducts 1 hour/shift from these employees' recorded work time for so-called "meal breaks," even if they are not *bona fide*.

28. 23.   Quantum uniformly fails to provide and ensure Dunne and the Putative Class Members receive *bona fide* meal breaks.

29. 24.   Thus, Quantum uniformly deprives these employees of wages, including proper premium overtime wages based on all renumeration received, for all hours worked, including those worked in excess of 40 hours in a workweek, in violation of the FLSA, WMWA, and/or WRA.

30. 25.   The FLSA Collective of similarly situated employees is defined as:

> **All hourly, non-exempt Quantum maintenance workers who at any time between June 14, 2020 and June 14, 2023 employees who received a bonus, a commission, and/or a meal break deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").**

31. 26.   Dunne also seeks to represent such a class under WMWA pursuant to FED. R. CIV. P. 23.

---

FIRST AMENDED ORIGINAL COMPLAINT - 4

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Formatted: Indent: Left: 0.5", No bullets or numbering

32.27.  The Washington Class of similarly situated employees is defined as:

**All hourly, non-exempt Quantum** maintenance workers who worked in Washington at any time between June 14, 2020 and June 14, 2023 employees who received a bonus, a commission, and/or a meal break deduction while working in Washington at any time during the past 3 years **("Washington Class Members" or "Washington Class").**

33.28.  The FLSA Collective Members and the Washington Class Members are collectively referred to as the "Putative Class Members" or the "Putative Classes."

34.29.  Quantum is a Washington for-profit corporation that maintains its headquarters in Vancouver, Washington.

35.30.  Quantum has been served and appeared in this matter. may be served with process by serving its registered agent: Kalib Locke, 601 East 16th Street, Vancouver, Washington 98663, or wherever he may be found.

### COVERAGE UNDER THE FLSA

36.31.  At all relevant times, Quantum was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37.32.  At all relevant times, Quantum was an "enterprise" within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

38.33.  At all relevant times, Quantum was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, tools, and personal protective equipment – that have been moved in or produced for commerce.

39.34.  At all relevant times, Quantum has had an annual gross volume of sales made or business done of not less than $500,000 each year.

FIRST AMENDED ORIGINAL COMPLAINT - 5

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

40.35.  At all relevant times, Dunne and the Putative Class Members were Quantum's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

41.36.  At all relevant times, Dunne and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

42.  Quantum uniformly paid Dunne and the Putative Class Members non-discretionary bonuses and/or commissions that Quantum failed to include in calculating these employees' regular rates of pay for overtime purposes.

43.  As a result, Quantum failed to pay Dunne and the Putative Class Members overtime wages at the proper premium rate—based on *all* renumeration received—in violation of the FLSA.

44.  Quantum's uniform bonus/commission pay scheme, which deprives Dunne and the Putative Class Members of overtime wages at the proper premium rate when these employees work more than 40 hours in a workweek, violates the FLSA. 29 U.S.C. § 207(a) & (e).

45.37.  Further, Quantum uniformly required Dunne and the Putative Class Members to work "off the clock" during their unpaid meal breaks.

46.38.  As a result, Quantum failed to pay Dunne and the Putative Class Members overtime wages for all overtime hours worked, including during their unpaid meal breaks, in violation of the FLSA.

47.39.  Quantum's uniform meal break policy, which deprives Dunne and the Putative Class Members of overtime wages for all hours worked in excess of 40 hours in a workweek, violates the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTS**

FIRST AMENDED ORIGINAL COMPLAINT - 6

[Formatted: Indent: Left: 0.5", No bullets or numbering]

48.40.   "Quantum is a third-party property management company" that manages "90+ properties throughout Oregon and Washington."[1]

49.41.   Quantum employs workers, including Dunne and the Putative Class Members, to work at the various residential communities it manages.

50.42.   Quantum uniformly classifies these employees as non-exempt and pays them on an hourly basis.

51.43.   While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

52.44.   For example, Dunne has worked for Quantum as a Maintenance Technician at Quantum's residential communities in Vancouver and Camas, Washington since approximately November 2021.

53.45.   As a Maintenance Technician, Dunne's primary responsibilities included performing repairs, painting units, responding to emergencies, completing work orders, and providing general maintenance services and upkeep to the Quantum residential communities and grounds.

54.46.   Throughout his employment, Quantum classified Dunne as non-exempt and paid him on an hourly basis.

55.   Throughout his employment, Quantum paid Dunne non-discretionary bonuses and/or commissions that Quantum failed to include in calculating Dunne's regular rate of pay for overtime purposes.

56.47.   Throughout his employment, Quantum subjected Dunne to its common practice of deducting 1 hour/shift from his recorded hours worked and wages for meal breaks, regardless of whether he actually received a *bona fide* meal break.

---

[1] https://www.quantumresidential.com/about/ (last visited June 6, 2023).

FIRST AMENDED ORIGINAL COMPLAINT - 7

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

57.48.   Dunne and the Putative Class Members perform their jobs under Quantum's supervision and use materials, equipment, and technology approved and supplied by Quantum.

58.49.   Quantum requires Dunne and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

59.50.   At the end of each pay period, Dunne and the Putative Class Members receive wages from Quantum that are determined by common systems and methods that Quantum selects and controls.

60.51.   Quantum requires its hourly, non-exempt employees, including Dunne and the Putative Class Members, to record their hours worked using Quantum's timeclock system.

61.    Further, Quantum uniformly pays its hourly, non-exempt employees, including Dunne and the Putative Class Members, non-discretionary bonuses and/or commissions when these employees sell units.

62.    But Quantum fails to include these bonuses and commissions in calculating Dunne's and the Putative Class Members' regular rates of pay for overtime purposes.

63.    Quantum's bonus/commission pay scheme violates the FLSA and WMWA by failing to pay Dunne and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for the hours they work in excess of 40 hours in a workweek.

64.52.   Further, in addition to failing to pay Dunne and the Putative Class Members overtime wages at the proper premium rate, Quantum also subjects its hourly, non-exempt employees to a common policy and practice of deducting time from their recorded hours worked for meal periods.

65.53.   Specifically, Quantum requires Dunne and the Putative Class Members to clock out for their meal breaks.

FIRST AMENDED ORIGINAL COMPLAINT - 8

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

66.54.   But if Dunne and the Putative Class Members are unable to take a *bona fide* meal break, and do not record that they did so by clocking out on Quantum's timeclock system, Quantum deducts 1 hour from their time records.

67.55.   Quantum deducts this time regardless of whether these employees actually receive their required full, uninterrupted, 30-minute meal period(s).

68.56.   Indeed, Quantum simply assumes Dunne and the Putative Class Members receive *bona fide* meal breaks each shift they work.

69.57.   But Quantum fails to provide Dunne and the Putative Class Members with *bona fide* meal periods.

70.58.   Instead, Quantum requires Dunne and the Putative Class Members to remain on-duty and working throughout their shifts and continuously subjects them to interruptions during their unpaid meal periods.

71.59.   Indeed, because of these constant work interruptions, Dunne and the Putative Class Members are not free to engage in personal activities during their unpaid meal periods.

72.60.   Rather, during their unpaid "meal breaks," Dunne and the Putative Class Members are forced to substantially perform their regular job duties and responsibilities.

73.61.   Thus, Dunne and the Putative Class Members routinely spend their unpaid "meal breaks" performing work for Quantum's – not these employees' – predominant benefit.

74.62.   This unpaid time is compensable under the FLSA and WMWA because Quantum knew, or should have known, that (1) Dunne and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period(s) was less than 30 consecutive minutes, (6) they were not free to engage in personal

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 9

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

activities during their meal periods because of constant interruptions, (7) they remained on Quantum's premises, and/or (8) they predominantly spent their unpaid meal periods performing their regular job duties for Quantum's predominant benefit..

75.63.  The unpaid time is also compensable under the WWRA because Quantum agreed to pay Dunne and the Putative Class Members hourly rates of pay for all time they worked, and Quantum willfully withheld earned wages from these employees.

76.64.  Quantum failed to exercise its duty to ensure Dunne and the Putative Class Members were not performing work that Quantum did not want performed during their unpaid "meal breaks."

77.65.  Despite accepting the benefits, Quantum did not pay Dunne and the Putative Class Members for the compensable work they performed during their "meal breaks."

78.66.  Thus, under Quantum's uniform meal break deduction policy, Dunne and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and WMWA.

79.67.  Quantum knows Dunne and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Quantum expects and requires these employees to do so.

80.68.  But Quantum does not pay Dunne and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA and WMWA.

81.69.  Thus, under Quantum's uniform meal break policy, Dunne and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the WMWA.

FIRST AMENDED ORIGINAL COMPLAINT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

82. 70.  Likewise, under Quantum's uniform meal break policy, Quantum willfully withholds "straight time" wages for those on-duty "meal breaks" from Dunne and the Washington Class Members in workweeks in which they worked fewer than 40 hours in violation of the WWRA.

83. 71.  Dunne worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

84. 72.  For example, during the 2-week pay period ending on March 11, 2023, Dunne worked 116.94 hours.

85. 73.  Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

86. 74.  Indeed, Dunne and the Putative Class Members typically work 10- to 12-hour shifts for 5 to 7 days a week.

87. 75.  And Dunne and the Putative Class Members regularly are also required to work during their unpaid meal breaks.

88. 76.  As a result, Dunne and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

89. 77.  When Dunne and the Putative Class Members worked more than 40 hours in a workweek, Quantum did not pay them 1.5 times their regular hourly rate for all overtime hours worked because Quantum failed to include (1) these employees' bonuses and/or commissions in calculating their regular rates of pay for overtime purposes and/or (2) time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek in violation of the FLSA and WMWA.

90. 78.  Likewise, when Dunne and the Washington Class Members worked fewer than 40 hours in workweek, Quantum willfully withholds their "straight time" pay at their regular hourly

FIRST AMENDED ORIGINAL COMPLAINT - 11

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

rates for all hours worked because Quantum fails to include time these employees work during their

meal breaks in their total number of hours worked in a given workweek in violation of the WWRA.

91.79.   Finally, Quantum's uniform failure to provide and ensure Dunne and the Putative Class Members receive *bona fide* meal periods during which they are completely relieved of all job duties violates the WAC.

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

92.80.   Dunne realleges and incorporates all other paragraphs by reference.

93.81.   Dunne brings his claims as a class and collective action under Section 216(b) of the FLSA and FED. R. CIV. P. 23.

94.82.   The Putative Class Members were victimized by Quantum's patterns, practices, and/or policies, which are in willful violation of the FLSA and Washington labor laws.

95.83.   Other Putative Class Members worked with Dunne and indicated they were paid in the same manner, performed similar work, and were subject to Quantum's uniform bonus/commission pay scheme and/or meal break deduction policy.

96.84.   Based on his experience with Quantum, Dunne is aware Quantum's illegal practices were imposed on the Putative Class Members.

97.85.   The Putative Class Members are similarly situated in all relevant respects.

98.86.   The Putative Class Members were all subject to Quantum's bonus/commission pay scheme and/or meal break deduction policy, deprived these employees of wages, both of which deprived these employees of wages, including overtime pay at the proper premium rate, for all hours worked, including overtime pay for hours those worked in excess of 40 hours in a workweek.

99.87.   Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

FIRST AMENDED ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

100.88. Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

101.89. Rather, the Putative Classes are held together by Quantum's uniform bonus/commission pay scheme and/or meal break deduction policy that systematically deprived Dunne and the Putative Class Members of wages, including overtime pay at the proper premium rate, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

102.90. Quantum's failure to pay wages and overtime compensation at the proper premium rate required by the FLSA and Washington labor laws results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

103.91. The Washington Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

104.92. The Putative Class Members are similarly denied overtime pay at the proper premium rate when they work more than 40 hours per week.

105.93. Quantum similarly willfully withholds earned wages from the Washington Class Members.

106.94. The back wages owed to Dunne and the Putative Class Members will be calculated using the same records and using the same formula.

107.95. Dunne's experiences are therefore typical to the experiences of the Putative Class Members.

108.96. Dunne has no interest contrary to, or in conflict with, the Putative Class Members.

109.97. Like each Putative Class Member, Dunne has an interest in obtaining the unpaid wages owed to them under state and/or federal law.

FIRST AMENDED ORIGINAL COMPLAINT - 13

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

110.98. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

111.99. Absent this class and collective action, many Putative Class Members likely will not obtain redress for their injuries, and Quantum will reap the unjust benefits of violating the FLSA and Washington labor laws.

112.100. Further, even if some of the Putative Class Members could afford individual litigation against Quantum, it would be unduly burdensome to the judicial system.

113.101. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Putative Class Members and provide for judicial consistency.

114.102. The questions of law and fact that are common to each member of the Putative Classes predominate over any questions affecting solely the individual members.

115.103. Among the common questions of law and fact are:

a. Whether Quantum's bonus/commission pay scheme applied uniformly across the country to Dunne and the Putative Class Members;

b. Whether Quantum's bonus/commission pay scheme deprived Dunne and the Putative Class Members of overtime pay at the proper premium rate;

c.a. Whether Quantum engaged in a policy and practice of time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or Washington labor laws;

d.b. Whether Quantum's meal break deduction policy deprived Dunne and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or Washington labor laws;

FIRST AMENDED ORIGINAL COMPLAINT - 14

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

**Formatted:** Indent: Left: 1.5", No bullets or numbering

e.c.    Whether Quantum failed to pay Dunne and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and/or WMWA;

f.d.    Whether Quantum willfully withheld Dunne's and the Washington Class Members' "straight time" wages at their agreed hourly rates for all hours worked because Quantum failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the WWRA;

g.e.    Whether Quantum knew, or had reason to know, Dunne and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA and/or Washington labor laws;

h.f.    Whether Quantum failed to ensure Dunne and the Washington Class Members actually received *bona fide* meal periods in violation of the WAC;

i.g.    Whether Quantum's decision not to pay Dunne and the Putative Class Members overtime compensation ~~at the proper premium rate~~ for all overtime hours worked as made in good faith;

j.h.    Whether Quantum's decision to willfully withhold earned wages from Dunne and the Washington Class Members was made in good faith;

k.i.    Whether Quantum's violations of the FLSA and/or Washington labor laws resulted from a continuing course of conduct; and

l.j.    Whether Quantum's violations of the FLSA and/or Washington labor laws were willful.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 15

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

116.104.     Dunne and the Putative Class Members sustained damages arising out of Quantum's illegal and uniform employment policies.

117.105.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Quantum's records, and there is no detraction from the common nucleus of liability facts.

118.106.     Therefore, the issue of damages does not preclude class or collective treatment.

119.107.     Dunne knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

120.108.     Quantum is liable under the FLSA and WMWA for failing to pay overtime wages at the proper premium rate to Dunne and the Putative Class Members.

121.109.     Quantum is liable under the WWRA for willfully withholding earned wages from Dunne and the Washington Class Members.

122.110.     Quantum is liable under the WAC for failing to provide and ensure Dunne and the Washington Class Members actually received *bona fide* meal breaks.

123.     Consistent with Quantum's illegal bonus/commission pay scheme, Dunne and the Putative Class Members were not paid overtime compensation at the proper premium rate (based on all renumeration received) during workweeks in which they work in excess of 40 hours.

124.111.     Consistent with Quantum's illegal meal break policy, Quantum willfully withheld Dunne's and the Washington Class Members' earned wages for those on-duty meal breaks during workweeks in which they work fewer than 40 hours.

FIRST AMENDED ORIGINAL COMPLAINT - 16

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

**Formatted:** Indent: Left:  0.5", No bullets or numbering

125.112.     Consistent with Quantum's illegal meal break policy, Dunne and the Putative Class Members were not paid overtime compensation for all overtime hours worked during workweeks in which they work in excess of 40 hours.

126.113.     As part of its regular business practices, Quantum intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Washington labor laws with respect to Dunne and the Putative Class Members.

127.114.     Quantum's illegal policies deprived Dunne and the Putative Class Members of the premium overtime wages they are owed under federal and/or state law.

128.115.     There are many similarly situated FLSA Collective Members who have been denied overtime pay at the proper premium rate in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

129.116.     This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

130.117.     Those similarly situated employees are known to Quantum, are readily identifiable, and can be located through Quantum's records.

**QUANTUM'S FLSA & WMWA VIOLATIONS WERE WILLFUL
OR DONE IN RECKLESS DISREGARD FOR THE FLSA & WMWA**

131.118.     Dunne realleges and incorporates all other paragraphs by reference.

132.119.     Quantum knew Dunne and the Putative Class Members are non-exempt employees entitled to overtime because Quantum uniformly classifies and pays them as such.

133.120.     Quantum knew Dunne and the Putative Class Members were its hourly employees.

FIRST AMENDED ORIGINAL COMPLAINT - 17

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

134.121.      Quantum knew Dunne and the Putative Class Members worked more than 40 hours in at least one workweek during the relevant statutory periods because Quantum requires these employees to record their hours worked using its timeclock system.

135.122.      Quantum knew it was subject to the FLSA and WMWA, including their respective overtime provisions.

136.      Quantum knew the FLSA and WMWA require it to pay employees, including Dunne and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on all renumeration received – for all hours worked in excess of 40 hours in a workweek.

137.      Quantum knew it paid Dunne and the Putative Class Members non-discretionary bonuses and/or commissions.

138.      Quantum knew it excluded Dunne's and the Putative Class Members' bonuses and commissions in calculating these employees' regular rates of pay for overtime purposes.

139.      Quantum knew it was required to include Dunne's and the Putative Class Members' non-discretionary bonuses and commissions in calculating these employees' regular rates of pay for overtime purposes.

140.      Nonetheless, Quantum failed to include Dunne's and the Putative Class Members' bonuses and commissions in calculating these employees' regular rates of pay for overtime purposes.

141.      Thus, Quantum knew, or should have known, that it failed to pay Dunne and the Putative Class Members overtime wages at the proper premium rate – based on *all* renumeration received – in violation of the FLSA and WMWA.

142.      Quantum's failure to pay Dunne and the Putative Class Members overtime wages at the proper premium rate was neither reasonable, nor was the decision not to pay these

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 18

Formatted: Indent: Left:  0.5",  No bullets or numbering

Formatted: Indent: Left:  0.5",  No bullets or numbering

~~employees overtime wages at the proper premium rate – based on *all* renumeration received – made in good faith.~~

~~143.~~123.          Quantum knew the WWRA prohibits it from willfully withholding earned wages from employees, including Dunne and the Washington Class Members.

~~144.~~124.          Quantum knew the FLSA and WMWA required it to pay Dunne and the Putative Class Members for all hours these employees performed compensable work.

~~145.~~125.          Quantum knew the WAC required it to provide and ensure Dunne and the Washington Class Members actually received *bona fide* meal breaks, during which these employees are totally relieved of work duties.

~~146.~~126.          Quantum knew it failed to provide Dunne and the Putative Class Members with *bona fide* meal breaks.

~~147.~~127.          Thus, Quantum knew, or should have known, it failed to provide and ensure Dunne and the Washington Class Members actually received *bona fide* meal breaks, during which these employees are totally relieved of work duties, in violation of the WAC.

~~148.~~128.          Quantum knew Dunne and the Putative Class Members regularly worked during their unpaid meal breaks because Quantum expects and requires them to do so.

~~149.~~129.          Quantum knew Dunne and the Putative Class Members regularly spend their meal breaks substantially performing their normal job duties for Quantum's predominant benefit.

~~150.~~130.          Quantum knew that, as Dunne's and the Putative Class Members' employer, it has a duty to ensure these employees were not performing work that Quantum did not want performed during their unpaid "meal breaks."

~~151.~~131.          Quantum knew Dunne and the Putative Class Members performed compensable work during their unpaid meal breaks.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 19

152.132.   Quantum knew it did not pay Dunne and the Putative Class Members for all hours these employees performed compensable work, including during their unpaid meal breaks.

153.133.   Nonetheless, Quantum failed to pay Dunne and the Putative Class Members overtime compensation for all overtime hours worked, including hours worked during their unpaid meal breaks, during workweeks in which these employees worked more than 40 hours.

154.134.   Likewise, Quantum willfully withheld earned wages from Dunne and the Washington Class Members for all hours worked, including hours worked during their unpaid meal breaks, during workweeks in which these employees worked fewer than 40 hours.

155.135.   Thus, Quantum knew, or should have known, that it failed to pay Dunne and the Putative Class Members overtime wages for all overtime hours worked in violation of the FLSA and WMWA.

156.136.   Likewise, Quantum knew, or should have known, that it willfully withheld earned wages from Dunne and the Washington Class Members for all hours worked, including hours worked during their unpaid meal breaks, in violation of the WWRA.

157.137.   Quantum's failure to pay Dunne and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

158.138.   Likewise, Quantum's decision to willfully withhold earned wages from Dunne and the Washington Class Members was neither reasonable, nor was Quantum's decision to willfully withhold wages from these employees made in good faith.

159.139.   Quantum knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Dunne and the Putative Class Members of wages, including overtime compensation ~~at the proper premium rate,~~ for all hours worked, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA, WMWA, and/or WWRA.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 20

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

160.140.    Likewise, Quantum knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Dunne and the Washington Class Members of *bona fide* meal periods in violation of the WAC.

<u>COUNT I</u>

<u>FAILURE TO PAY OVERTIME UNDER THE FLSA</u>
<u>(FLSA COLLECTIVE)</u>

161.141.    Dunne realleges and incorporates all other paragraphs by reference.

162.142.    Dunne brings his FLSA claims as a collective action on behalf of himself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

163.    Quantum violated, and is violating, the FLSA by failing to pay Dunne and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on all renumeration received – for all hours worked in excess of 40 in a workweek, including hours worked "off-the-clock" during these employees' unpaid meal periods.

164.143.    Dunne and the FLSA Collective Members have been harmed as a direct and proximate result of Quantum's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Quantum derived a direct and substantial benefit.

165.144.    Quantum knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Dunne and the FLSA Collective Members overtime compensation at the proper premium rate for all overtime hours worked.

166.145.    Quantum's failure to pay Dunne and the FLSA Collective Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

FIRST AMENDED ORIGINAL COMPLAINT - 21

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

167.146.    Accordingly, Dunne and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

<u>COUNT II</u>

**FAILURE TO PAY OVERTIME UNDER THE WMWA**
**(WASHINGTON CLASS)**

168.147.    Dunne realleges and incorporates all other paragraphs by reference.

169.148.    Dunne brings his WMWA claim as a class action on behalf of himself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

170.149.    The conduct alleged violates the WMWA, REV. CODE WASH. CH. 49.46, *et seq.*

171.150.    At all relevant times, Quantum was an "employer" subject to the requirements of the WMWA.

172.151.    At all relevant times, Quantum employed Dunne and the Washington Class Members as "employees" within the meaning of the WMWA.

173.152.    The WMWA requires employers, like Quantum, to pay employees, including Dunne and the Washington Class Members, overtime wages at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek. *See* REV. CODE WASH. § 49.46.130

174.153.    Dunne and the Washington Class Members are entitled to overtime pay under the WMWA.

175.154.    Quantum violated, and is violating, the WMWA by failing to pay Dunne and the Washington Class Members overtime compensation at the proper premium rate (based on all renumeration received) for all hours worked in excess of 40 in a workweek. *See* REV. CODE WASH. § 49.46.130(1).

FIRST AMENDED ORIGINAL COMPLAINT - 22

~~176.~~155. Dunne and the Washington Class Members have been harmed as a direct and proximate result of Quantum's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Quantum derived a direct and substantial benefit.

~~177.~~156. Quantum knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Dunne and the Washington Class Members overtime compensation ~~at the proper premium rate~~ for all overtime hours worked when these employees worked more than 40 hours in a workweek.

~~178.~~157. Quantum's failure to pay Dunne and the Washington Class Members overtime compensation ~~at the proper premium rate~~ for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

~~179.~~158. Accordingly, Dunne and the Washington Class Members are entitled to recover their unpaid overtime wages (REV. CODE WASH. § 49.46.090), plus an equal amount as liquidated damages (REV. CODE WASH. § 49.52.070), pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020), and attorney's fees and costs (REV. CODE WASH. § 49.48.030).

<u>COUNT III</u>

**WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
(WASHINGTON CLASS)**

~~180.~~159. Dunne realleges and incorporates all other paragraphs by reference.

~~181.~~160. Dunne brings his WWRA claim as a class action on behalf of himself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

~~182.~~161. The conduct alleged violates the WWRA, REV. CODE WASH. Ch. 49.52, *et seq.*

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 23

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

183.162.     At all relevant times, Quantum was an "employer" subject to the requirements of the WWRA.

184.163.     At all relevant times, Quantum employed Dunne and the Washington Class Members as "employees" within the meaning of the WWRA.

185.164.     The WWRA prohibits employers, like Quantum, from depriving employees, including Dunne and the Washington Class Members, of "any part of [their] wage" and from paying "any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." REV. CODE WASH.§ 49.52.050.

186.165.     During the course of their employment, Quantum offered and agreed to pay Dunne and each Washington Class Member an hourly rate for all hours worked under and up to 40 hours in a workweek.

187.166.     Dunne and each Washington Class Member accepted Quantum's offer.

188.167.     But during the course of their employment, Quantum willfully withheld wages from Dunne and the Washington Class Members (at the rates Quantum agreed to pay them) for all hours they worked because Quantum failed to include hours these employees worked during their unpaid "meal breaks."

189.168.     Quantum violated, and is violating, the WWRA by willfully withholding earned wages from Dunne and the Washington Class Members. *See* REV. CODE WASH. § 49.52.050.

190.169.     Dunne and the Washington Class Members have been harmed as a direct and proximate result of Quantum's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Quantum derived a direct and substantial benefit.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 24

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

191. 170.   Quantum knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of willfully withholding earned wages from Dunne and the Washington Class Members.

192. 171.   Quantum's decision to willfully withhold earned wages from Dunne and the Washington Class Members was neither reasonable, nor was the decision to willfully withhold wages earned from these employees made in good faith.

193. 172.   Accordingly, Dunne and the Washington Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates), plus exemplary damages in an amount equal to 2 times their willfully withheld wages (REV. CODE WASH. § 49.52.070), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

<u>COUNT IV</u>

**FAILURE TO PROVIDE *BONA FIDE* MEAL BREAKS UNDER THE WAC**
**(WASHINGTON CLASS)**

194. 173.   Dunne realleges and incorporates all other paragraphs by reference.

195. 174.   Dunne brings his WAC meal break claims as a class action on behalf of himself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

196. 175.   The conduct alleged violates the meal break requirements of the WAC, WASH. ADMIN. CODE § 296-126-092

197. 176.   At all relevant times, Quantum was an "employer" subject to the requirements of the WAC.

198. 177.   At all relevant times, Quantum employed Dunne and the Washington Class Members as "employees" within the meaning of the WAC.

199. 178.   The WAC requires employers, like Quantum, to provide employees, including Dunne and the Washington Class Members, meal periods of at least 30 minutes which

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 25

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

commence no less than two hours nor more than five hours from the beginning of the employee's shift. See WASH. ADMIN. CODE § 296-126-092.

~~200.~~179. The WAC further mandates that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *See* WASH. ADMIN. CODE § 296-126-092.

~~201.~~180. Throughout the relevant period, Quantum expected and required Dunne and the Washington Class Members to be available and perform compensable work during their unpaid meal breaks.

~~202.~~181. Because Dunne and the Washington Class Members were not relieved of all duties during their meal breaks but instead were subject to constant work interruptions, Quantum violated, and continues to violate, the WAC when it deducts time from these employees' recorded work time and wages for so-called "meal breaks" that were not *bona fide*, continuous, and uninterrupted. *See* WASH. ADMIN. CODE § 296-126-092.

~~203.~~182. Dunne and the Washington Class Members have been harmed as a direct and proximate result of Quantum's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Quantum derived a direct and substantial benefit.

~~204.~~183. Accordingly, Dunne and the Washington Class Members are entitled to recover penalties in an amount not less than $25 nor more than $1,000 per violation (WASH. ADMIN. CODE § 296-126-226; REV. CODE WASH. §49.12.170), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

## JURY DEMAND

~~205.~~184. Dunne demands a trial by jury.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 26

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

**RELIEF SOUGHT**

WHEREFORE, Dunne, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order designating the Washington Class as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Dunne and his counsel to represent the interests of the FLSA Collective and the Washington Class;

d. An Order pursuant to Section 16(b) of the FLSA finding Quantum liable for unpaid overtime wages due to Dunne and the FLSA Collective Members, plus liquidated damages in amount equal to their unpaid compensation;

e. An Order finding Quantum liable to Dunne and the Washington Class Members for their unpaid overtime compensation owed under the WMWA, plus liquidated damages in an amount equal to their unpaid compensation;

f. An Order finding Quantum liable to Dunne and the Washington Class Members for willfully withholding wages owed under the WWRA, plus exemplary damages in an amount equal to 2 times their willfully withheld wages;

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 27

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

g.   An Order finding Quantum liable to Dunne and the Washington Class Members for failing to provide and ensure these employees received *bona fide* meal breaks in compliance with the WAC;

h.   Judgment awarding Dunne and the Putative Class Members all unpaid wages, penalties, and other damages available under the FLSA, WMWA, WWRA, and WAC;

i.   An Order awarding attorney's fees, costs, and expenses;

j.   Pre- and post-judgment interest at the highest applicable rates; and

k.   Such other and further relief as may be necessary and appropriate.

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 28

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Date: February 7, 2024

Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: /s/ Michael Subit
   Michael C. Subit, WSBA #29189
   msubit@frankfreed.com
   705 Second Ave., Suite 1200
   Seattle, Washington 98104
   Telephone: 206.624.6711

JOSEPHSON DUNLAP, LLP

By: /s/ Michael Josephson
   Michael A. Josephson*
   mjosephson@mybackwages.com
   Andrew W. Dunlap*
   adunlap@mybackwages.com
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   Telephone: 713.352.1100

BRUCKNER BURCH, PLLC

By: /s/ Rex Burch
   Richard J. (Rex) Burch*
   rburch@brucknerburch.com
   11 Greenway Plaza, Suite 3025
   Houston, Texas 77046
   Telephone: 713.877.8788

*Pro Hac Vice Applications Forthcoming

ATTORNEYS FOR PLAINTIFF &
the PUTATIVE CLASS MEMBERS

FIRST AMENDED ~~ORIGINAL~~ COMPLAINT - 29