The Honorable David H. Estudillo

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| TIMOTHY DUNNE, Individually and for Others Similarly Situated, | Case No: 3:23-cv-05535-DGE |
| Plaintiff, | |
| vs. | **PLAINTIFF'S UNOPPOSED MOTION FINAL SETTLEMENT APPROVAL** |
| QUANTUM RESIDENTIAL, INC., a Washington for-profit corporation, | Hearing Date: February 28, 2025 |
| Defendant. | |

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page i

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

TABLE OF CONTENTS

1.    Introduction .................................................................................................. 1

2.    Factual Background. ....................................................................................... 2

3.    Procedural Background ................................................................................. 2

4.    Notice of Settlement, Class Response, and the Opt-In Process ................... 3

5.    Argument & Authorities ................................................................................ 4

   A.    Ninth Circuit precedent favors and encourages class settlements. ............. 4

   B.    The best practicable notice was provided to the Class Members. ............... 6

   C.    The Settlement warrants final approval. ...................................................... 7

      i.    The Settlement is presumptively fair. ..................................................... 8

      ii.    The Class Members overwhelmingly support the Settlement. ................. 8

      iii.    The strength of Plaintiff's case. ............................................................. 9

      iv.    The Action involved significant risk and costly further litigation. ......... 9

      v.    The Settlement Amount favors approval. ............................................... 11

      vi.    Wide-ranging informal discovery has been completed. ......................... 11

      vii.    Class Counsel are highly experienced. .................................................. 12

   D.    The Service Award and attorneys' fees and costs are reasonable. ............. 12

   E.    The Court should grant final Class Certification for settlement purposes. ............................. 14

6.    The Court Should Approve the Proposed Schedule. .................................. 15

7.    Conclusion ................................................................................................... 15

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
ii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Amaraut v. Sprint/United Mgmt. Co.,*
  2021 WL 3419232 (S.D. Cal. Aug. 5, 2021) ...................................................................6

*Balderas v. Massage Envy Franchising, LLC,*
  2014 WL 3610945 (N.D. Cal. July 21, 2014) .............................................................. 11

*Boyd v. Bechtel Corp.,*
  485 F. Supp. 610 (N.D. Cal. 1979) .......................................................................... 12

*Carter v. Anderson Merchandisers, LP,*
  2010 WL 1946784 (C.D. Cal. May 11, 2010) ............................................................ 12

*Chery v. Tegria Holdings LLC,*
  2024 WL 5009036 (W.D. Wash. Dec. 6, 2024) ...................................................... 8, 14

*Churchill Village, LLC v. Gen. Elec.,*
  361 F.3d 566 (9th Cir. 2004) ......................................................................................8

*Clifton v. Babb Constr. Co.,*
  2014 WL 5018897 (D. Or. Oct. 1, 2014) ...................................................................6

*Cody v. Hillard,*
  88 F. Supp. 2d 1049 (D.S.D. 2000) .............................................................................9

*Covidien Holding , Inc.,*
  2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .............................................................. 11

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
  2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ...............................................................5

*Franklin v. Kaypro Corp.,*
  884 F.2d 1222 (9th Cir. 1989) ....................................................................................5

*Greve v. Cobalt Mortg., Inc.,*
  2016 WL 4014114 (W.D. Wash. July 27, 2016) .........................................................5

*Gruinn v. Int'l House of Pancakes,*
  513 F.2d 114 (8th Cir. 1975) ......................................................................................7

*Guilbaud v. Sprint Nextel Corp.,*
  2016 WL 7826649 (N.D. Cal. Apr. 15, 2016) ............................................................6

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ............................................................................... 4, 8

*In re Am. Bank Note Holographics, Inc.,*
  127 F. Supp. 2d 418 (S.D.N.Y. 2001) ........................................................................9

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.,*
  289 F.R.D. 526 (N.D. Cal. 2012) ............................................................................ 10

*In re Bluetooth Headset Prods. Liab. Litig.,*
  654 F.3d 935 (9th Cir. 2011) ......................................................................................4

*In re Mego Fin. Corp. Sec. Litig.,*
  213 F.3d 454 (9th Cir. 2000) ................................................................................... 11

*In re Syncor ERISA Litig.,*
  516 F.3d 1095 (9th Cir. 2008) ....................................................................................8

*Kilbourne v. Coca-Cola Co.,*
  2015 WL 5117080 (S.D. Cal. July 29, 2015) ........................................................... 10

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Langford v. Devitt,*
  127 F.R.D. 41 (S.D.N.Y. 1989) ...........................................................................7

*Lewis v. Starbucks Corp.,*
  2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .................................................. 12

*Lynn's Food Stores, Inc. v. United States,*
  679 F.2d 1350 (11th Cir. 1982) ...........................................................................5

*Mandujano v. Basic Vegetable Products, Inc.,*
  541 F.2d 832 (9th Cir. 1976) ..........................................................................7, 9

*Millan v. Cascade Water Services, Inc.,*
  2016 WL 3077710 (E.D. Cal. June 2, 2016) .................................................... 14

*Monterrubio v. Best Buy Stores, L.P.,*
  291 F.R.D. (E.D. Cal. 2013) ............................................................................. 12

*O'Connor v. Uber Techs., Inc.,*
  2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) ...................................................6

*Officers for Justice v. Civil Serv. Comm'n,*
  688 F.2d 615 (9th Cir. 1982) .................................................................5, 11, 13

*Otey v. CrowdFlower, Inc.,*
  2015 WL 6091741 (N.D. Cal. Oct. 16, 2015) .....................................................5

*Rodriguez v. W. Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) .....................................................................11, 13

*Schaffer v. Litton Loan Servicing , LP,*
  2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ............................................... 14

*Staton v. Boeing Co.,*
  327 F. 3d 938 (9th Cir. 2003) ........................................................................... 13

*Stovall-Gusman v. W.W. Granger, Inc.,*
  2015 WL 3776765 (N.D. Cal. June 17, 2015) ................................................. 11

*Torrisi v. Tucson Elec. Power Co.,*
  8 F.3d 1370 (9th Cir. 1993) ................................................................................7

*Viceral v. Mistras Grp., Inc.,*
  2017 WL 661352 (N.D. Cal. Feb. 17, 2017) .......................................................6

*Viceral v. Mistras Grp., Inc.,*
  2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ................................................... 11

*Villafan v. Broadspectrum Downstream Servs.,*
  2020 WL 6822908 (N.D. Cal. Nov. 20, 2020) ................................................. 10

*Wong v. Arlo Techs., Inc.,*
  2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) .................................................. 14

*Wren v. RGIS Inventory Specialists,*
  2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .................................................8, 12

*York v. Starbucks Corp.,*
  2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ................................................. 10

Rules

Fed. R. Civ. P. 23 ....................................................................................... 4, 6, 8

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
iv

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## 1. INTRODUCTION

Plaintiff Timothy Dunne ("Dunne") hereby moves for final approval of the Class and Collective Action Settlement Agreement (the "Settlement Agreement," Dkt. 31-1). The Action is based on Quantum's alleged violations of the Fair Labor Standards Act ("FLSA") and the Washington Minimum Wage Act ("WMWA"). Dunne brought this class and collective action (the "Action") on behalf of himself and other current and former non-exempt Quantum Residential, Inc. ("Quantum") employees who worked for Quantum between June 14, 2020, and June 14, 2023. The Class and Collective Members received notice of this settlement and the opt-in period has now closed.  The settlement will resolve the claims of 72 class members, 22 of whom submitted written consent to join the FLSA collective action.[1] Ex. 1, Dunlap Decl. at ¶ 30. The reaction to this Settlement has been overwhelmingly positive— the deadline for Washington Class Members to exclude themselves from the Settlement was December 28, 2024. To date, no Class Members have objected to the Settlement, and no Class Members have submitted a request to exclude themselves from the Settlement. *Id.*

Dunne moves for an Order:

(1)  Granting final approval of the Settlement Agreement;

(2)  Finally certifying the Collective and the Class for settlement purposes;

(3)  Finally appointing and approving Plaintiff Dunne as Class Representative;

(4)  Finally appointing and approving Josephson Dunlap LLP, Frank Freed Subit & Thomas LLP, and Bruckner Burch PLLC as Counsel for the Class and Opt-In Plaintiffs;

(5)  Finally approving payment to ILYM Group in the amount up to $10,000 for its services as Settlement Administrator;

---

[1] Class Counsel received one late consent form returned after the opt-in deadline. The Parties agreed to include the late opt-in in the Settlement.

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

(6)  Finally approving the release of claims as set forth in the Settlement Agreement; and

(7)  Finaly approving the implementation schedule, below.

On August 20, 2024, the Court granted preliminary approval of this class and collective action. Dkt Nos. 39 and 43.

As discussed herein, the Class Members received excellent recoveries and the lack of any objections or exclusions, Class Counsel respectfully request the Court finally approve this Settlement.

## 2.  FACTUAL BACKGROUND.

Dunne worked for Quantum as a non-exempt Maintenance Technician in Vancouver and Camas, Washington. Dkt. 30-1, at ¶¶ 44-46. Dunne filed this Action on June 14, 2023, alleging Quantum failed to pay him and other workers wages and overtime compensation as required by the FLSA and WMWA. *Id.* at ¶ 24. Specifically, Dunne alleged Defendant failed to compensate its maintenance workers for work performed during their meal breaks. *Id.* The operative Complaint further alleges Class Members regularly worked more than 40 hours in individual workweeks, but Defendant did not pay them overtime wages for the hours they worked in excess of 40 hours, in willful violation of the FLSA. *Id.*

Defendant has at all times denied, and continues to deny, these allegations and disputes that it violated any law, and raises affirmative defenses, including assertions that (1) the maintenance workers did not perform compensable work during their meal breaks, (2) Plaintiffs were paid lawfully under the applicable laws, (3) Defendant acted in good faith, and (4) Defendant did not willfully or intentionally violate the FLSA. *See, e.g.*, Dkt. 12. Defendant further asserted this Action was not appropriate for collective treatment. *Id.* at ¶ 5.

## 3.  PROCEDURAL BACKGROUND.

Dunne filed this Class and Collective Action on June 14, 2023. Dkt. 1. On July 21, 2023, Quantum answered the lawsuit, denying Dunne's claims and asserting various defenses. Dkt. 12. Shortly thereafter, the Parties proceeded to litigation and engaged in substantial informal discovery.

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
2

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Ultimately, the Parties agreed to mediate this case with experience wage and hour mediator Mike Reiss. In advance of the mediation, the parties exchanged comprehensive payroll and wage and hour information to create a class-wide damage model. Likewise, the Parties extensively briefed the law and the facts to Mr. Reiss (including exchanging information and damage calculations with one another) such that both Parties entered the negotiations fully informed of the issues. The Parties attended a full-day mediation on December 13, 2023, and were able to come to an agreement in principle. Over the next six weeks, the Parties finalized settlement terms, the notice and opt-in procedure, and settlement allocations. The Settlement Agreement was finalized on February 7, 2024. According to the Parties' Settlement Agreement, Dunne filed his First Amended Complaint on February 7, 2024, to reflect the Class and Collective at issue in the Parties' settlement and to withdraw his regular rate claims. Dkt. 30-1. Dunne moved for preliminary settlement approval on February 8, 2024. Dkt. 34. The Court granted preliminary approval on August 20, 2024. Dkt. 43.

**4.  NOTICE OF SETTLEMENT, CLASS RESPONSE, AND THE OPT-IN PROCESS.**

After the Court preliminarily approved the Settlement, ILYM Group ("ILYM" or the "Settlement Administrator") received Class and Collective data from Quantum, containing the Class Members' names, social security numbers, last known mailing addresses, last known telephone number, the number of days worked, and the gross Settlement Amounts. Exhibit 2, ILYM Decl. at ¶ 5. On November 13, 2024, the Settlement Administrator disseminated the Class and Collective Notice Packets to the addresses provided via U.S. First Class Mail. *Id.* at ¶ 7. The Settlement notices informed the Class Members of the settlement terms, their expected share of the allocation, the deadline to submit any objections or request for exclusion, the final approval hearing, Class Counsel's name and contact information, and Dunne's requested attorneys' fees, costs, and service award. Dkt. # 42-1.

To date, seven (7) Notice Packets have been returned to the Settlement Administrator as undeliverable without a forwarding address, and for which skip-tracing could not identify a current mailing address. Ex. 2, ILYM Decl. at ¶ 10. The deadline to opt-in for the FLSA Collective Members

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 3

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

was December 28, 2024. *Id.* at ¶ 12. Twenty-two (22) individuals have opted-in to the FLSA portion of the settlement. *Id.* at ¶ 12.

To date, no objections or disputes have been filed. *Id.* at ¶¶ 13-14. No class members have requested exclusion from the Settlement. *Id.* at ¶ 11.

Pursuant to Paragraph 39(a) of the Settlement Agreement, the 72 individuals (54.20% of the potential Class Members)[2] who are Participating Class Members will share, pro rata, the Net Settlement Fund of $75,000. If any Participating Class Members do not cash their checks within the 90-day check cashing period, any amounts associated with those Class Members' uncashed checks shall be distributed pro rata to the Class Representative and remaining Class Members. *Id.*, and Ex. 1, Dunlap Decl., at ¶ 45.

As a result of the participation rates, the average settlement allocation has risen to $1,041.67 per person, which is an exceptional recovery in an off-the-clock wage and hour case. Ex. 1 at ¶ 31.

Upon Final Approval, ILYM Group will be responsible for calculating individual settlement payments; calculating applicable payroll taxes, withholdings and deductions; preparing and issuing settlement disbursements to Participating Class Members, the Class Representatives, Class Counsel, and federal and local tax authorities; and handling inquiries from Class Members. Dkt. 31-1 at ¶¶ 40, 55, 57.

5. **ARGUMENT & AUTHORITIES**

A. **Ninth Circuit precedent favors and encourages class settlements.**

A certified class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Before granting final approval of a class action settlement, the court must determine that (1) the class meets the requirements for certification under Rule 23(a) and (b); (2) notice to the class was

---

[2] Importantly, those individuals who did not participate in the Oregon settlement collective do not release any claims whatsoever.

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

adequate; and (3) the settlement reached on behalf of the class is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The decision to approve or reject a proposed settlement is committed to the sound discretion of the Court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

In the FLSA context, court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-055524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741 at *4; *Grewe v. Cobalt Mortg., Inc.*, No. C16-0577- JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page 5

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Applying this standard of review to other federal and state-law wage and hour class actions, federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that reached in this case. *See, e.g., Lytle v. Coquille Valley Hospital*, No. 6:19-cv-00722-AA, Dkt. # 69 (D. Or. May 9, 2022) (granting final approval of settlement that included both FLSA and Oregon state law claims); *Etcheverry v. Franciscan Health System*, No. 19-cv-05261-RJB-MAT, Dkt. # 85 (W.D. Wash. Oct. 19, 2021) (granting final settlement approval for FLSA and Rule 23 class and collective action consisting of approximately 8,000 patient care workers who alleged they were required to remain on-duty during unpaid meal periods); *Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 WL 3419232 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington state law claims); *Jones, et al. v. CertifiedSafety, Inc.*, Case No. 3:17-cv-02229-EMC, Dkt. # 232 (N.D. Cal. June 1, 2020) (same); *Britt et al. v. Clallam Cnty Pub. Hsp. Dist. No. 2*, Case No. 3:23-cv-05377, Dkt. #61 (W.D. Wash. January 24, 2025) (same); *Soto, et al. v. O.C. Communications, Inc.*, No. 3:17-cv-00251-VC, Dkt. ## 199 & 305 (N.D. Cal. Oct. 23, 2019) (same); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *6 (N.D. Cal. Sept. 13, 2019) (granting final approval of settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2017 WL 661352, at *1 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-cv-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897 (D. Or. Oct. 1, 2014) (granting final approval of settlement that included both FLSA and Oregon law claims).

Here, the Court has already granted preliminary approval of the Settlement. *See* Dkt. 43. As part of that order, the Court conditionally certified the Class and Collective for settlement purposes, finding the requirements of Rule 23 and the FLSA were met. Dkt. 43 at 1-2. Accordingly, the only

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 6

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions throughout federal district courts.

### B. The best practicable notice was provided to the Class Members.

Pursuant to the Court's August 23, 2024, preliminary approval order, ILYM Group sent the Court-approved Class and Collective Notice Packet to the Class members in accordance with the terms of the Settlement. *See* Ex. 2, ILYM Decl. at ¶¶ 4-7. The notice process was robust, with all notices sent via U.S. First Class Mail. *Id.* at ¶ 7.

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Gruinn v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

The Settlement Administrator followed all procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members received the Notice. Ultimately, of the notice packets mailed out, 23 were returned. Of those 23 returned notice packets, 17 were re-mailed to forwarding addresses or to addresses identified by a skip-trace procedure. In total, only 7 of the notice packets remained undeliverable. *See* Ex. 2, ILYM Decl. at ¶¶ 8-10. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 7

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

information about the case and the Settlement. Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

### C. The Settlement warrants final approval.

In deciding whether to approve a proposed class action settlement, the Court must find the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Chery v. Tegria Holdings LLC*, No. C23-612-MLP, 2024 WL 5009036, at *3 (W.D. Wash. Dec. 6, 2024). Included in this analysis are considerations of: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Importantly, courts apply a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court should find the Settlement is fair, reasonable, and adequate, and finally approve it as to the Classes and Opt-in Plaintiffs.

### i.    The Settlement is presumptively fair.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. This Settlement was a product of non-collusive, arm's-length negotiations. *See* Ex. 1, Dunlap Decl. at ¶¶ 23, 37, 46. The Parties participated in weeks of extensive back-and-forth negotiations by and through their respective counsel. *Id.* at ¶¶ 22, 47. The Parties then spent several weeks negotiating the material terms of the Settlement and finalizing a long-form Settlement Agreement, with several rounds of revisions and proposals related to the terms and details of the Settlement. *Id.* Dunne and the Class are represented

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
8

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id.* at ¶¶ 48.

### ii.    The Class Members overwhelmingly support the Settlement.

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt-out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("It is well established that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts have found that a relatively low percentage of objectors or opt-outs is a very strong indicator of fairness that factors heavily in favor of final approval. *See, e.g., Cody v. Hillard*, 88 F. Supp. 2d 1049, 1059-60 (D.S.D. 2000) (approving settlement in large part because only 3% of the apparent class had objected to the settlement).

As of the date of this filing, no Class Members have objected to the Settlement, and no Class Members submitted requests for exclusion. *See* Ex. 1, Dunlap Decl. at ¶ 31. Further, there have been no disputes about settlement amount calculations. *Id.* There is widespread support for the Settlement among Class Members. This factor weighs heavily in favor of final approval.

### iii.    The strength of Plaintiff's case.

Dunne contends he has strong wage-and-hour claims that are chiefly rooted in a centralized policy that Class Members' meal periods would be unpaid, but that Class Members are required to remain on-duty during such unpaid meal periods. Dunne continues to believe he has a strong case, but is also pragmatic in his awareness of the risks inherent in this litigation, particularly where there are over a hundred Class members that worked in different roles, under differing supervisors, at numerous different locations. *See* Ex. 1, Dunlap Decl. at ¶¶ 51. This is particularly true where Defendant has at all times denied any and all liability and has contended that all of its practices and policies were legally compliant.

### iv.    The Action involved significant risk and costly further litigation.

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

While Dunne is confident in the strength of his case, recovery of the damages and penalties would require overcoming procedural and substantive challenges, such as class certification under Washington law and collective certification under the FLSA, and ultimate success on the merits across the classes. This is a questionable feat in light of developments in wage and hour class and collective action law, as well as the legal and factual grounds that Defendant has asserted to defend this action. *Id.* Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14-cv-984-MMA BGS, 2015 WL 5117080, at *1 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWx, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

While Dunne is confident he would establish that common policies and practices give rise to the off-the-clock work for the employees at issue here, he acknowledges that such off-the-clock work was performed at many different work locations and departments, each with its own supervisors and management staff. *See* Dunlap Decl. at ¶¶ 52-55. With those considerations in mind, Dunne recognizes that obtaining class certification would present an obstacle, with the risk that Dunne might only be able to pursue individual actions in the even certification was denied. *Id.* at ¶ 56. Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face motions for decertification if the Class or Collective were certified as the case progressed. *Id.*

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *Id.* at ¶ 57. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement were not approved), Class Counsel estimates that fees and costs would exceed $1,500,000. *Id.* at ¶ 58. Litigating

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
10

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

the class and collective action claims would require substantial additional preparation and extensive formal discovery. *Id.* It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*

In contrast to litigating this suit, resolving this case by means of Settlement will yield a prompt, certain, and substantial recovery for the Class Members. *Id.* Such a result will benefit the Parties and the court system. *Id.* It will bring finality to extensive litigation and will foreclose the possibility of expanding litigation.

> **v.      The Settlement Amount favors approval.**

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30% of the damages estimated by class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10% of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising , LLP*, No. 12-cv-06327 NC, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Mav. Covidien Holding , Inc.*, No. SACV 12-02161-DOC (RNBx), 2014 WL 360196, at *4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness). Here, the average recovery per person is $1,041.67. Ex. 1 at ¶ 31. This exceeds 1.5 missed meal periods per week. As a result, the Settlement Amount is within the range of reasonableness and favors final approval.

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 11

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

### vi.     Wide-ranging informal discovery has been completed.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may likewise assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 454 (E.D. Cal. 2013).

Here, the Parties engaged in extensive information discovery, and Plaintiff's Counsel engaged in class outreach, that have enabled both sides to assess the claims and potential defenses in this action. *See* Ex. 1, Dunlap Decl. at ¶¶ 18-20, 62. Defendant provided substantial data for the Class that permitted Plaintiff to calculate potential damages. *Id.* at ¶ 21. Class Counsel used this information to perform an extensive analysis of the case, including a comprehensive damages analysis. *Id.* The Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *Id.* at ¶ 61.

### vii.     Class Counsel are highly experienced.

Where counsel is well-qualified to represent the class and collective in settlement negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

In reaching this Settlement, Plaintiff's Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *See* Ex. 1, Dunlap Decl. at ¶¶ 37, 62, 73. Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's timekeeping and compensation policies and practices. *Id.* at ¶ 62. Ultimately, the Parties used this information and

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 12

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

informal discovery to fairly resolve the litigation for $150,000. *Id.* at ¶ 63. Class Counsel believe that Dunne has achieved a strong settlement for the Class in light of all the risks. *Id.*

**D. The Service Award and attorneys' fees and costs are reasonable.**

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In addition to the terms and details of the Settlement discussed herein, the Settlement also establishes Class Representative Service Payment of up to $5,000 to the Named Plaintiff. Likewise, in evaluating the Settlement, the Court must evaluate Plaintiff's request for attorneys' fees and costs pursuant to the terms of the Settlement. In their fee motion, Class Counsel request 40% of the Gross Settlement Amount, or $60,000, inclusive of costs in the amount of $2,037.02. Plaintiff sets forth the arguments in support of these attorneys' fees in full in his Motion for Approval of Attorneys' Fees, including that no objections to the service award amounts, fees, or costs have been received from the Class Members. Since Plaintiff filed his Unopposed Motion for Attorneys' Fees, Class Counsel has incurred additional fees for a total of $74,495.00. *See* Ex. 1, Dunlap Decl. at ¶¶ 64-66. Factoring the new attorneys' fees into account, Class Counsel's fees reflect a "negative" multiplier of 0.78 on their total lodestar incurred ($57,962.98 ÷ $74,495.00 = 0.778). *See also* Doc. 47 at 13 (arguing Plaintiff's fee is presumptively reasonable based on negative multiplier).

Class representatives are eligible for reasonable incentive payments. *See Staton v. Boeing Co.*, 327 F. 3d 938, 977 (9th Cir. 2003); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR, Dkt. #182 (W.D. Wash. Oct. 25, 2019). The purpose of such awards is compensating these persons "for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action…" *Rodriguez v. West Pub'g Corp.*, 563 F. 3d 948, 958-59 (9th Cir. 2009). Here, subject to the Court's approval, the Class Representative Service Payment of up to $5,000 for Plaintiff is intended to compensate him for the critical role he played in this litigation, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class Members. Defendant does not

oppose the requested payment as a reasonable service award. Similarly, there have been no objections from the Class as to the requested service award.

Service awards of $5,000 are presumptively reasonable. *See, Chery v. Tegria Holdings LLC*, No. C23-612-MLP, 2024 WL 5009036, at *9 (W.D. Wash. Dec. 6, 2024) (citing *Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *12 (N.D. Cal. Apr. 19, 2021) (noting that "[s]ervice awards as high as $5,000 are presumptively reasonable" in the Ninth Circuit and collecting cases holding the same)). Plaintiff expended substantial time assisting in the prosecution of his claims. He spent considerable time providing information to counsel, assisting in the drafting of pleadings and other documents, providing information about the claims and assisting with the direction of the litigation, participating in the settlement decision, and regularly discussing the facts and proceedings with Class Counsel. He has been an active participant in this litigation since its inception.

The requested service award is also reasonable in light of the significant reputational risk Plaintiff took by publicly affiliating himself with litigation against his employer. Notwithstanding these risks, Plaintiff has remained an active part of the litigation and saw it through to its excellent outcome, while agreeing to a general release of all claims. This substantial sacrifice supports the service award sought here. *See Schaffer v. Litton Loan Servicing , LP*, No. CV 05-07673 MMM ( JCx), 2012 WL 10274679, at *18 (C.D. Cal. Nov. 13, 2012); *Millan v. Cascade Water Services, Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *12 (E.D. Cal. June 2, 2016) (reasoning that service awards "are particularly appropriate in wage-and-hour actions where plaintiffs undertake a significant 'reputational risk' by bringing suit against their present or former employers.").

The Court should grant final approval of the requested service award and attorneys' fees and out-of-pocket costs as reasonable.

### E.  The Court should grant final Class Certification for settlement purposes.

In its August 20, 2024, Order granting preliminary approval, the Court conditionally certified the Washington and FLSA classes. *See* Dkt. # 43. Now that notice has been effectuated and is

MOTION FOR FINAL SETTLEMENT APPROVAL – Page 14

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

complete, the Court should finally certify the Class and Collective in its Final Approval Order and Judgment. For the reasons previously set forth in Plaintiff's Motion for Preliminary Approval, the Classes and Collective meet all of the requirements for final certification. *See* Dkt. # 34 at 9-21. Following issuance of notice and exclusion period, the Class remains sufficiently numerous and 22 individuals have opted into the FLSA Collective, Plaintiff 's claims raise common issues of fact and law, Plaintiff 's claims are still typical of the Class, Plaintiff and Class Counsel are still adequate to represent the interests of the Classes, and the FLSA and Rule 23(b)(3) requirements are likewise still met. *See* Ex. 1, Dunlap Decl. at ¶¶ 67-78. Class and collective treatment is efficient and warranted here, and the Court should grant final certification of the Classes and the Collective for settlement purposes.

**6.    THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE.**

Lastly, Plaintiff respectfully requests the Court approve the following implementation schedule under the Settlement:

| | |
|---|---|
| Effective Date | The date by which the Agreement is approved by the Court, and either (i) the U.S. Supreme Court has rendered a final judgment affirming the Court's approval with material modification and the applicable date for seeking further appellate review has passed, or (ii) the applicable date for seeking appellate review of the Court's Final Judgment of the Settlement has passed without a timely appeal or a request for review having been made. |
| Deadline for Quantum to deposit the Gross Settlement amount with the Settlement Administrator | Within 10 days after the Effective Date |
| Deadline for ILYM Group to make payments under the Settlement to Participating Class Members, Opt-In Plaintiffs, Plaintiff, Class Counsel, and itself | Within 14 days after Defendant funds the Gross Settlement Amount |
| Check-cashing deadline | 90 days after issuance of the settlement checks |
| Deadline for ILYM Group to provide written certification of completion of administration of the Settlement to counsel for all Parties and | Within 60 days after the Effective Date |

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

| the Court | |
|---|---|

**7.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant final approval of the Settlement Agreement and enter the accompanying Final Approval Order and Judgment.

Date: February 28, 2025

Respectfully submitted,

/s/ *William M. Hogg*
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Michael C. Subit, WSBA # 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-6411
msubit@frankfreed.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

* - *Pro hac vice application forthcoming*

*Attorneys for Plaintiff, Class, and Collective Members*

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
16

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 5,181 words (exclusive of the case caption, tables of contents, table of authorities, signature blocks, and certificate of compliance), in compliance with the Local Civil Rules because the relief sought in this motion includes final class certification.

*/s/ William M. Hogg*
William M. Hogg

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Counsel for Defendant regarding the content and relief sought herein. Defendant does not oppose this Motion.

*/s/ William M. Hogg*
William M. Hogg

MOTION FOR FINAL
SETTLEMENT APPROVAL – Page
17

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100