UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DUNNE,<br><br>      Plaintiff,<br>  v.<br><br>QUANTUM RESIDENTIAL INC.,<br><br>      Defendant. | CASE NO. 3:23-cv-05535-DGE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS FEES (DKT. NO. 47) AND UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL (DKT. NO. 52.) |

## I  INTRODUCTION

Before the Court is an Unopposed Motion for Final Settlement Approval. (Dkt. No. 52.) This is a collective action under the Fair Labor Standards Act ("FLSA") consisting of current and former non-exempt employees who worked for Quantum Residential, Inc. between June 14, 2020 and June 14, 2023. (*Id.* at 5.) The nature of the allegation is that Defendant "failed to compensate its maintenance workers for work performed during their meal breaks." (*Id.* at 6.) This Court previously granted preliminary approval to the settlement, and certified a class under Rule 23 for purposes of the proposed class settlement. (Dkt. Nos. 39, 43.) The Court directed

the Parties to submit a revised notice to the class that included information about the motion for attorney fees. (Dkt. No. 39 at 17–19.) In response to the Court's order, the Parties submitted a revised notice that included information about attorney fees, including the opportunity to object at the Final Approval hearing. (*See* Dkt. No. 42-1.) The Court approved that notice and set a final hearing for February 28, 2025. (Dkt. No. 43.) The opt-in period closed, with 72 class members, 22 of whom opted-in to the FLSA collective action. (Dkt. No. 52 at 5.) No class member objected nor requested to exclude themselves from the settlement. (*Id.*) The hearing proceeded as scheduled on February 28, 2025, and there were no objections to the proposed settlement. (Dkt. No. 55.) The terms of the settlement call for a gross settlement amount of $150,000, with $60,000 to be paid in attorneys' fees and costs, $5,000 as a service fee for the class representative, and $10,000 for the Settlement Administrator (ILYM Group), for a net settlement of $75,000. (Dkt. No. 53 at 8–9.) This allocation of funds was disclosed in the class notice. (*See* Dkt. No. 42-1 at 8.) The average recovery per participating class member will be $1,041.67, with the largest recovery amounting to $2,274.49. (Dkt. Nos. 47 at 14; 53 at 10.)

## II    DISCUSSION

### A. The Requested Attorneys' Fees Are Reasonable

Plaintiff seeks approval for attorney fees in the amount of $60,000. The court has "an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Courts have discretion to choose between one of two methods for calculating a reasonable rate for a class action settlement like this: the lodestar method, or the percentage-of-recovery method. *Id.* at 942. The lodestar figure is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by

adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941. Under the percentage of recovery method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id.* at 942. The Court need not find any special circumstances, however, to justify choosing the lodestar method over the percentage method, as "no presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). In determining the reasonableness of a fee award, the Court should also consider "the degree of success in the litigation and benefit to the class." *In re Bluetooth*, 654 F.3d at 945.

Class Counsel has calculated a lodestar figure of $66,690. (Dkt. No. 47-1 at 7.) Counsel has billed 131.75 hours of work on this matter thus far, with more expected after the final settlement is approved. (*Id.* at 9; Dkt. No. 47 at 9.) The greatest number of hours were performed by Carl Fitz, an associate with 7 years of experience, who billed 54.05 hours at an hourly rate of $500. (Dkt. No. 47-1 at 9.) The highest hourly rates were charged by partners Michael Submit and Michael Josephson, who have 34 and 24 years of experience respectively, and charged $975 and $800 per hour for 3 and 1 hours of work respectively, while the lowest rates were charged by three paralegals, each with at least 10 years of experience, at $300 per hour. (*Id.*) Since the $60,000 requested is less than the $66,690 lodestar figure, Counsel states that the requested fee represents a "negative" multiplier of 0.87, which bolsters the reasonableness of the request. (Dkt. No. 47 at 13.) Additionally, Counsel expended $2,037.02 in out of pocket costs, meaning that Counsel will receive $57,962.98 in fees after costs are deducted. (*Id.*)

1       The Court finds that the $60,000 rate is reasonable, relying on the lodestar method.  In the Court's judgment and experience, 131.75 hours is a reasonable number of hours to expend on a collective action matter of this size and complexity, with more hours still to come counting towards the $60,000 figure.  Further, the $60,000 in fees for 131.75 hours of work amounts to an average rate of $455 per hour of work, which in the Court's experience is reasonable in this legal market—and that average hourly rate will fall further after deducting out of pocket costs and adding additional hours.  Further, as Plaintiff indicated, this Court has held numerous times that the "negative" multiplier bolsters the reasonableness of the request.  *See Garcia v. Harborstone Credit Union*, No. 3:21-CV-05148-LK, 2023 WL 7412842, at *12 (W.D. Wash. Nov. 9, 2023); *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *4 (W.D. Wash. May 31, 2016); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *5 (W.D. Wash. May 3, 2013), *aff'd* (9th Cir., No. 13-35491, Sept. 9, 2013).

      While the requested fees amount to 40% of the settlement, above the 25% benchmark, that does not make the fee unreasonable in this case.  The Court relies here on the lodestar method, and the Ninth Circuit "do[es] not require courts employing the lodestar method to perform a "crosscheck" using the percentage method" because "the lodestar method yields a fee that is presumptively [reasonable]" and "[t]he percentage method is merely a shortcut." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019) (internal citations omitted).  Insisting on a lower attorneys' fee amount here, below the lodestar amount, may have the effect of disincentivizing counsel from taking on cases of this size and nature.  Further, the Court finds that the litigation was generally successful in achieving a positive result for class members—who on their own may not have had financial wherewithal to pursue their claims at all—and that the amount of fees will not prevent class members from obtaining a meaningful benefit.  Rather, as

noted, the average class member will receive $1,041.67, with the largest recovery amounting to $2,274.49. (Dkt. Nos. 47 at 14; 53 at 10.) Again, no class member objected to the settlement, including the attorneys' fee award, the terms of which were stated in the notice.

For these reasons, the Court GRANTS the motion (Dkt. No. 47) for attorney fees.

**B. The Court Gives Final Approval to the Settlement**

Plaintiff moves for an order 1) granting final approval to the settlement, 2) granting final approval to the Collective and Class, 3) granting final approval to Plaintiff Dunne as class representative, 4) granting final approval to Josephson Dunlap LLP, Frank Freed Subit & Thomas LLP, and Bruckner Burch PLLC as Counsel for the Class and Opt-In Plaintiffs, 5) granting final approval to ILYM Group as Settlement Administrator, 6) approving the release of claims[1], 7) approving the Parties' implementation schedule. (Dkt. No. 52 at 5–6.) The motion is unopposed, and no class or collective member has objected to the terms of the settlement. The Court will GRANT the motion.

At the preliminary stage, this Court previously conditionally certified the class and collective, found Plaintiff to be a representative party, approved of class counsel, and found "no obvious deficiencies" in the proposed settlement. (*See* Dkt. Nos. 39, 43.) The Court incorporates those determinations again here, and briefly analyzes why final approval is appropriate.

To approve a class action settlement, the Court must find that "it is fair, reasonable, and adequate," considering whether:

**(A)** the class representatives and class counsel have adequately represented the class;

---

[1] Plaintiff notes that "individuals who did not participate in the Oregon settlement collective do not release any claims whatsoever." (Dkt. No. 52 at 8 n.2)

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS FEES (DKT. NO. 47) AND UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL (DKT. NO. 52.) - 5

      **(B)** the proposal was negotiated at arm's length;

      **(C)** the relief provided for the class is adequate, taking into account:

           **(i)** the costs, risks, and delay of trial and appeal;

           **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

           **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and

           **(iv)** any agreement required to be identified under Rule 23(e)(3); and

      **(D)** the proposal treats class members equitably relative to each other.

Federal Rule of Civil Procedure 23(e). The Ninth Circuit has identified similar factors for courts to consider in the fairness inquiry, including the "strength of the plaintiff's case," the "experience and views of counsel," and "the reaction of the class members of the proposed settlement." *In re Bluetooth*, 654 F.3d at 946 (quoting *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004)). As a matter of policy, the Ninth Circuit strongly favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The "decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Id.* (quoting *Offs. for Just. v. Civ. Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir.1982)). However, the Court should deny approval if there are indicators of collusion between class counsel and defendants, such as when 1) "counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," 2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," or 3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth,* 654 F.3d at 947. In

1  the absence of such indicators, the court should avoid "intrusion upon what is otherwise a private

2  consensual agreement negotiated between the parties." *Offs. for Just.*, 688 F.2d at 625.

3        The Court finds that the settlement is fair, reasonable, and adequate. The Court has

4  already determined that the settlement terms were negotiated at arm's length, and there are no

5  indicators here of collusion. (Dkt. No. 39 at 11.) Class counsel has adequately represented the

6  class, securing a settlement that will deliver an average recovery of $1,041.67 per class member,

7  an amount that "exceeds 1.5 missed meal periods per week." (Dkt. No. 52 at 15.) Had this

8  matter instead gone to trial, there is a risk that Plaintiff would have obtained a smaller judgment,

9  or none at all, with much larger attorney fees. (*See id.* at 13–14.) Class members were fully

10  informed of the terms of the settlement, and none objected. (*See id.* at 13.)

11        As it relates to treating members of the class equitably vis-à-vis to one another, the

12  settlement does contain a service award for the class representative, but this does not render the

13  settlement infirm. As the Court previously noted, courts have repeatedly held that a $5,000

14  service award is not excessive. (Dkt. No. 39 at 12–13). *See McDonald v. CP OpCo, LLC*, Case

15  No. 17-CV-04915-HSG, 2019 WL 2088421 at * 7 (N.D. Cal. May 13, 2019); *Wong v. Arlo*

16  *Techs., Inc.*, Case No. 5:19-cv-00372-BLF, 2021 WL 1531171 at *12 (N.D. Cal. Apr. 19, 2021);

17  *In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004). Additionally,

18  the Court notes that the $5,000 service award to the class representative was disclosed in the

19  notice terms (*see* Dkt No 42-1 at 8), and there were no objections.

20        As to approval of the FLSA collective, "The Ninth Circuit has not established criteria for

21  district courts to consider in determining whether a FLSA settlement should be approved."

22  *Richards v. Schoen Trust Company*, Case No. 2:22-cv-00878-TL, 2023 WL 2787219 at *1

23  (W.D. Wash. Apr. 5, 2023). "However, district courts have applied the widely used standard

24

adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Wonderly v. Youngblood*, Case Nos. C16-1621, C16-1638, 2022 WL 378262, at *3 (E.D. Cal. Feb. 8, 2022). For the same reasons described *supra*, the Court finds that the FLSA settlement is a fair and reasonable resolution of a bona fide dispute, and should be approved.

The Court therefore GRANTS the motion (Dkt. No. 52) and enters the proposed order, as set forth below.

### III    ORDER

1. Having provisionally certified the Rule 23 class for settlement purposes only, Dkt. 43 at 1–2, the Court hereby finally certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23: All hourly, non-exempt Quantum maintenance workers who worked in Washington at any time between June 14, 2020 and June 14, 2023. ("Washington Class Members").

2. The Court finally appoints Plaintiff Timothy Dunne to represent the Settlement Class Members for settlement purposes only.

3. The Court finally appoints Josephson Dunlap, LLP, Bruckner Burch PLLC, and Frank Freed Subit & Thomas, LLP as Class Counsel. The Court also approves named Plaintiff Timothy Dunne as class representative.

4. The Court finds that adequate notice was provided to the Settlement Class;

5. The Court approves the class action settlement as fair, reasonable and adequate;

6. The Court approves the FLSA portion of the settlement on behalf of all opt-in plaintiffs as a reasonable resolution of a bona fide dispute;

7. The Court approves Class Counsel's request for $60,000 in attorney fees and costs;

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS FEES (DKT. NO. 47) AND UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL (DKT. NO. 52.) - 8

1        8. The Court approves a service award for the Class Representative of $5,000;

2        9. The Court confirms the appointment of ILYM Group as Settlement Administrator and approves its reasonable administration costs of up to $10,000, which is to be paid from the Gross Settlement Amount.

        10. The Court directs that the settlement funds be distributed in accordance with the terms of the Settlement Agreement; and

        11. The Court directs that the Action be dismissed finally, fully, and without prejudice as of the date of this final approval Order, to be converted to a dismissal with prejudice thirty (30) days after the conclusion of the check-cashing period and in full and final discharge of any and all Plaintiff's Released Claims, Settlement Class Members' Released Claims, and Participating Settlement Collective Members' Released Claims.

        For the foregoing reasons, the Unopposed Motion for Attorney Fees (Dkt. No. 47) and Unopposed Motion for Final Settlement Approval (Dkt. No. 52) are GRANTED.

        Dated this 24th day of March, 2025.

David G. Estudillo
United States District Judge